FRANK, respondent, *v.* MURRAY, appellant.

*Evidence held competent.*—The defendant went to the store of the plaintiff and left with his clerk the following message for him: "Tell Frank that if he will buy the Green Room property in, and let Osborne have it, I will pay him $500 when I return on Saturday." The plaintiff at the time had a chattel mortgage on the property for $900 or $1,000, under which the property was about to be sold by the sheriff. Osborne wished to buy it but was not able to do so. *Held*, it was competent for the plaintiff to testify as to what his clerk had told him defendant had said, and that such evidence was not hearsay.

*The Statute of Frauds held not applicable to the case at bar.*—Where the plaintiff, relying upon said promise of defendant, bought said property, and then sold it to Osborne—*Held*, that the transaction was not within the Statute of Frauds, sec. 167, fifth division Rev. Stat. Mont. (Sec. 224, fifth division Comp. Stat. Mont.), and that a complaint setting up such a transaction, as a cause of action, is not demurrable upon such a ground.

PLEADING.—*Demand sufficiently averred.*—In an action on such a contract as that aforesaid, a demand is sufficiently alleged in the complaint in the following language: "That at various times before the commencement of this suit plaintiff demanded of said defendant the said sum of $500." And the time and place of the demand need not be alleged.

DEMAND IN CASE OF COMMERCIAL PAPER.—*Dictum*—The time and place of demand need not be alleged in a complaint declaring upon commercial paper.

*Facts held to constitute a valid verbal contract.*—The transaction aforesaid constituted a verbal contract, which meant that the defendant agreed that the plaintiff might bid in the property at the sale at any price he pleased, and then sell it to Osborne at any price that Osborne was willing to pay, and secure himself as might be agreed upon; and that thereupon the defendant would pay plaintiff $500.

*A verdict will be upheld when there is evidence to sustain it.*—When there is a conflict in the evidence, that view of it which accords with the verdict of a jury must be adopted by the court.

### *Appeal from District Court, Silver Bow County.*

W. W. DIXON for the appellant.

The alleged promise of plaintiff was upon a contract for the sale of goods for the price of over two hundred dollars.

The contract was not in writing, no part of the purchase money was paid, and no part of the goods was received or accepted. Sec. 167 fifth division Rev. Stat. Mont. (Statute of Frauds). The complaint alleged that respondent sold and transferred the goods to Osborne; but this is not an allegation that Osborne accepted or received them. *Tenny* v. *Doten,* 11 Pac. Rep. 743; Wood on Frauds, sec. 305.

Objection to the complaint can be taken by demurrer.

Boone on Code Pldg., sec. 68. The complaint is uncertain in not averring the time and place of demand for payment. In this case a demand should have been specially alleged. *Mills* v. *Barney,* 22 Cal. 250.

The verdict of the jury was not warranted by the evidence, and was in violation of instruction No. 6. Instructions Nos. 1, 2 and 3 do not correctly state the law, because they assume that, under the contract, plaintiff had a right to bid in the property at any price he chose and sell it to Osborne at any price he chose, and secure himself on the property. Instructions Nos. 1 and 2 are in conflict with instruction No. 6.

ROBINSON & STAPLETON for the respondent.

The Statute of Frauds has no application to this contract. It was not for the sale of personal property. There was a promise to pay a certain sum of money if Frank would do a certain thing, which he did in acceptance of said offer. Where a man makes a promise, which would be void, still, if he has thereby caused the promisee to alter his position for the worse, or the promise was to serve some purpose of the promisor, then it is taken out of the statute. There was a preponderance of the evidence in favor of the verdict, but even if the weight of it were against the verdict, this should not be disturbed.

The following instructions were given by the court at the request of the plaintiff:

1st. That if the jury find from the evidence, that about the 1st day of December, 1885, the defendant Murray told John Tuohy to say to the plaintiff, that if he, the said Frank, would buy the said property in said complaint described, at the said sheriff's sale to take place the next day, and sell to, or let the said Osborne have the same, that he, the said Murray, would pay him, the said Frank, the sum of $500, and that the said Tuohy advised the said Frank of said fact, and that he, the said Frank, acted thereon, and in pursuance of the same, did buy the said property, and sell the same to said Osborne for $1,000, and received pay from the said Osborne for only $500, and relied upon the said Murray for payment for the other $500, you will find for the plaintiff.

2nd. If the jury find from the evidence that about the 1st day of December, 1885, James A. Murray, the defendant, left word with John Tuohy, a clerk of the plaintiff, Frank, tell said plaintiff that if he would bid in certain property, to be sold by the sheriff of said county, in or belonging to the Green Room saloon, in Butte

City, and would sell the same to one Harry Osborne, or would let the said Osborne have the same, that he, said Murray, would pay plaintiff the sum of $500, and you further find from the evidence, that said Tuohy told the said plaintiff what he was instructed by said Murray to tell him, and said Frank accepted the said offer and acted on it, and did buy said property, and did sell the same to the said Osborne, or let him have it, then the said Tuohy was, for the purpose of making the said contract, acting as the agent of the said Murray, and said promise so made to said Frank, by said agent, was an original promise made by said Murray to said plaintiff, Frank, and was made upon sufficient consideration, and in law was binding upon said defendant Murray, and you should find for the plaintiff.

3d. If the jury find the evidence to be as stated in instruction No. 2 above, then, in that case, the promise of defendant Murray to plaintiff Frank was an original promise from Murray to said plaintiff Frank, and not an agreement to answer for the debt, default or miscarriage of said Osborne, or any other person, and need not be in writing, and said defendant is directly liable to said plaintiff Frank, and you should find for the plaintiff.

4th. Where a promise is to pay one's own debt, although made for the benefit of another, it need not be in writing; it is only so where a promise is to answer for the debt, default or miscarriage of some third party.

And the court also, at the request of defendant, gave the jury the following instructions:

1st. The plaintiff in this case sues upon a special contract, which is denied by defendant, and the plaintiff, in order to recover, must prove his contract as he has alleged it, and the burden of proof is upon plaintiff to establish such contract by a preponderance of evidence.

2nd. If the jury believe from the evidence that the

plaintiff has not established the contract as it is alleged in the complaint by a preponderance of evidence, they will find a verdict for the defendant.

3d. Defendant was not bound by any other contract than the one he made with plaintiff, and in order for plaintiff to recover in this action he must prove the contract as he has alleged it, and also prove that he on his part complied with the terms of such contract. If plaintiff has failed to prove the contract as he alleges it in his complaint, or has failed to prove that he performed the contract, as alleged, on his part, he cannot recover and the jury will find a verdict for the defendant.

4th. If the jury believe from the evidence that defendant only promised plaintiff to pay him the $500 sued for, for Harry Osborne, upon condition that he (plaintiff) would buy the Green Room property at sheriff's sale for said Osborne, then the jury will find for the defendant.

5th. If the jury believe from the evidence that the contract between plaintiff and defendant was as stated in the last instruction and that plaintiff did not perform such contract on his part, but bought the property for himself at the sheriff's sale and afterwards sold it to said Osborne at an advanced price, then the jury will find for the defendant.

6th. Although the jury may believe from the evidence that, as claimed by plaintiff, Murray promised to pay Frank $500 if he (Frank) would buy in the Green Room Saloon property at the sheriff's sale, and "let Osborne have it" or "sell it to Osborne," yet, unless the jury further believe from the evidence, that, from the words used and the circumstances of the transaction in evidence, both Frank and Murray understood and intended at the time, that Frank might bid or buy in the property sold at any price he pleased, and might afterwards sell it to Osborne at any advanced price he pleased, and might secure himself by a mortgage on the property sold for the

price over $500, and that Murray would still be bound to pay the $500, the jury will find for the defendant.

It is not enough that Frank alone so understood or intended, but the jury must be satisfied that from the words used and the circumstances in evidence Murray so understood and intended, and if the jury are not so satisfied they will find a verdict for the defendant.

The above were all the instructions given in the case.

The facts appear in the opinion.

McLeary, J. This action was brought by Frank against Murray on a verbal contract, and on a trial before a jury a verdict was rendered in favor of the plaintiff and a motion for a new trial was overruled; and from this judgment and ruling the defendant appealed.

The evidence shows that the defendant went to the store of the plaintiff, and left with a clerk, for him, the following message : " Tell Frank that if he will buy the Green Room property in, and let Osborne have it, I will pay him five hundred dollars when I return on Saturday." Frank had a chattel mortgage on the property for $900 or $1,000. Osborne wished to purchase it at the sheriff's sale, but was unable to do so. He went with defendant, Murray, to Frank's store, when this message was left for plaintiff. Next day, at the sheriff's sale, Frank, the mortgagee, bought the property at a bid of $600, and sold it to Osborne for $1,000; taking his note and a chattel mortgage on the property for $500, and relying on Murray's verbal agreement for the $500 which he had agreed to pay. Murray refused to pay, and hence this action was begun.

1. The first error assigned is as to the admission of the testimony of the witness Frank, to testify what Tuohy (the clerk with whom the message was left) told him that Murray had said. This specification of error was not noticed in the brief or oral argument of counsel,

and may be considered as abandoned. The testimony was certainly competent, and does not fall within the rules in regard to hearsay testimony.

2. The next alleged error is the overruling of the defendant's demurrer to the complaint. The grounds of the demurrer were that the complaint showed that this was a verbal contract, and that it was within the statute of frauds, being a contract for the sale of goods for a greater price than $200; and that the complaint does not allege the time and place of the alleged demand upon the appellant for payment.

*First.* Is the contract within the statute of frauds? Our statute reads as follows: "Every contract for the sale of any goods, chattels, or things in action, for the price of two hundred dollars and over, shall be void, unless (1) a note or memorandum of such contract be made in writing, and be subscribed by the parties to be charged therewith; or (2) unless they shall accept or receive a part of such goods, or the evidences, or some of them, of such things in action; (3) or unless the buyer shall at the time pay some part of the purchase money. Rev. St. Mont. p. 436, § 167, div. 5.

This was not a contract for the sale of goods. The property did not belong to Frank at the time of the contract, and he did not pretend to make a sale of it. Murray wished Frank to become the purchaser of these goods at the sheriff's sale, and so to arrange matters as to make Osborne the owner. It does not appear what object Murray had in bringing about these events. But it clearly appears from the evidence that Frank accepted the verbal proposition contained in the message left for him by the appellant, and did the very acts for which Murray offered to pay him the $500. It matters not that among other things was included a sale or transfer of property by plaintiff to a third person. This fact does not bring the transaction within the

meaning of the statute.    This ground of demurrer is not well taken.

*Second.* The demand is sufficiently alleged in the complaint, which says " that, at various times before the . commencement of this suit, plaintiff demanded of said defendant the said sum of five hundred dollars." The time and place of the demand, as in case of commercial paper, is not necessary to be alleged.

3. The verdict of the jury is sustained by the evidence. The verbal contract fairly meant that defendant agreed that plaintiff might bid in the property at the sale at any price he pleased, and then sell it to Osborne at any price which Osborne was willing to pay, and secure himself as might be agreed upon, and that thereupon the defendant would pay him (plaintiff) $500. To make this verbal contract mean anything else, words would have to be inserted which the evidence does not warrant.    As to any conflict in the evidence, we regard that as settled by the verdict of the jury, and must adopt that view of the evidence which accords with the verdict.

4. The instructions given by the court to the jury fairly and plainly set out the law governing this case as presented in the evidence, and there was no error in giving them.    The view taken by the defendant's counsel of the evidence, and on which he bases his objection to these instructions, was not adopted by the jury in exercising their privilege of weighing the testimony; but in any event, when there is a conflict, the verdict and judgment would not be disturbed.    And, in like manner, the charges, being applicable to the testimony in the view of it which we regard as correct, will not be held erroneous.

There being no error in the judgment, and the motion for a new trial having been correctly overruled, this judgment is affirmed, with costs.

*Judgment affirmed.*

McCONNELL, C. J., and BACH, J., concur.