IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 14789

WALTER SCHANTLE,

　　　　Petitioner,

v.

ROGER CRIST, Warden,
Montana State Prison,

　　　　Respondent.

FILED

MAY 23 1980

*Thomas J. Kearny*

CLERK OF SUPREME COURT
STATE OF MONTANA

OPINION AND ORDER

PER CURIAM:

Original application by Walter Schantle for a writ of habeas corpus directed against the warden of the Montana State Prison, Roger Crist.

Schantle had previously sought a writ of habeas corpus from the United States District Court for the District of Montana, Billings Division, but writ was denied by that Court on the grounds that Schantle had not exhausted his available state remedies,

On November 22, 1976, in the District Court for the Thirteenth Judicial District of Stillwater County, Schantle entered a plea of guilty to a charge of burglary involving a grocery store in Absarokee, Montana. The crime was alleged to have occurred on July 22, 1976. He was sentenced to ten years at hard labor in the state prison of the State of Montana upon judgment and conviction following his plea of guilty.

Schantle seeks a declaration that his conviction was illegal upon these grounds: (1) that he was refused the right to proceed as his own attorney in the Stillwater

-1-

County District Court; (2) that the District Court failed to interrogate him as to the elements constituting the crime with which he was charged; (3) that the petitioner's court-appointed attorneys failed to assist petitioner with the filing of pretrial motions or to provide effective assistance in connection with his defense to the charges; (4) the pretrial motions filed by petitioner were not heard by the District Court; (5) that new counsel was appointed for petitioner outside of his presence in court; and (6) that he was coerced into pleading guilty by the threat of the filing of prior convictions.

Petitioner has been supplied with a transcript of the proceedings that occurred when he entered his plea of guilty. Upon receipt of his petition, the matter was referred to the District Court of Stillwater County for a factual determination. A hearing on his petition was conducted by Judge Jack D. Shanstrom, who was called into the Thirteenth District in connection with this matter on February 28, 1980. A transcript of the proceedings before Judge Shanstrom are also part of our record here.

Schantle was arraigned with a codefendant before the District Court in Stillwater County on August 3, 1976. He stood mute as to the three counts charged against him, and the court entered his plea of not guilty to each of the charges. The court further appointed Richard W. Heard, an attorney of Columbus, Montana, to represent Schantle and the codefendant.

We find that on August 26, 1976, Schantle, with his codefendant, wrote a letter to the district judge advising that they dismissed attorney Heard and would thereafter act in their own defense. On August 26, 1976, Schantle also

filed a letter entitled, A Motion for Probable Cause Hearing, asking the court to set a date for the same. On September 22, 1976, Schantle and his codefendant filed in District Court a motion for a production and suppression of evidence hearing. On October 23, 1976, Schantle and his codefendant filed in court a motion for a just cause hearing and a motion that the court show cause within three days why the District Court did not grant their motion for a production and suppression of evidence hearing previously filed. On November 3, 1976, the codefendants had also filed a motion for discovery requiring the county attorney to produce all evidence which would be used at the trial of the defendants.

Attorney Heard testified before Judge Shanstrom in the hearing on the habeas corpus proceedings. He testified that on October 27, 1976, he visited in the jail in Yellowstone County Courthouse with Schantle and the codefendant, and that they indicated an unwillingness for Heard to represent them at trial. Heard then went to the presiding district judge who advised that he would appoint John Adams, an attorney in Billings, Montana, to represent both defendants. Attorney Heard had only one conference with the defendants, that on October 27. The defendants had been removed from Columbus, Montana, the county seat of Stillwater County, to the jail in Yellowstone County in Billings, Montana, some forty miles away. After Heard received a copy of the letter dismissing him as attorney, he undertook no further actions on behalf of the defendant Schantle.

John Adams testified that after he was appointed by Judge Luedke, he visited with the defendants in the first part of November, 1976. He states that he did not discuss any defenses with Schantle, particularly because he did not

-3-

find from a review of the county attorney's file and the evidence therein that there were any legal defenses to the charges. His discussion with Schantle was on the point of what could be done with the county attorney of Stillwater County to effect the least possible sentence for Schantle on the crimes charged. He was informed by Schantle that the county attorney was threatening to file notice of prior convictions against Schantle for the purpose of increased punishment if he did not plead guilty to the charges.

Trial of the charges in Stillwater County against the defendant had been set for November 29, 1976. On November 16, 1976, the county attorney did in fact file a notice of prior convictions for the purpose of seeking increased punishment against Schantle.

On November 22, 1976, before the presiding judge, but in the courtroom in Yellowstone County, pursuant to agreement, the defendant, and his attorney Mr. Adams, and the county attorney of Stillwater County appeared. As the proceedings opened, Mr. Adams, in the presence of Schantle, informed the court that Schantle had advised that with respect to the count of simple burglary, he would like to withdraw his plea of not guilty and enter a new plea to that charge. The court granted that request. The proceedings that followed are here set forth verbatim:

> "THE COURT: . . . Mr. Schantle, under Count No. I you are charged with the crime of burglary, which was alleged to have occurred on or about July 23rd, 1976. What is your plea to this count?
>
> "THE DEFENDANT: Your Honor, I'd like to know what I'm pleading to.
>
> "THE COURT: All right, Count No. I says that you knowingly entered or remained unlawfully in an occupied structure with the purpose to commit an offense therein, to-wit: defendant entered

the business premises of Milligan's IGA store with the purpose to commit theft. Now, that's Count No. I. That's what you're pleading to.

"MR. ADAMS: Further I should indicate that the punishment, this crime carries a maximum punishment of ten years. I believe that is what you're interested in.

"THE DEFENDANT: Yes.

"Your Honor, I'll enter a plea of guilty to that charge if that is all that is going to be filed against me in District Court as to this crime or any crimes arising out of it or as to any further action that might be filed against me stemming from my past or from the present.

"THE COURT: Will, I guess, Mr. Laws, that calls for --

"MR. LAWS: Your Honor, Stillwater County is willing to dismiss Counts II and III against Mr. Schantle and will not notice any priors on the matter.

"THE COURT: All right, does that answer your question?

"THE DEFENDANT: Yes, sir. And I'll plead guilty.

"THE COURT: All right. Now, the penalty is a maximum of 10 years, Mr. Schantle, and in view of your past record you should anticipate that's probably the sentence you're going to get. I want you to understand that right from the beginning.

"Has anybody promised you anything just to get you to come in here and plead guilty to this count?

"THE DEFENDANT: No, sir.

"THE COURT: Has anybody threatened you to force you to come in this morning and plead?

"THE DEFENDANT: No, sir.

"THE COURT: Well, they're saying that you went unlawfully to this IGA store for the purpose of stealing. Is that what you did?

"THE DEFENDANT: Yes, sir. Your Honor, could I ask for a pre-sentence investigation before sentence is pronounced?

"THE COURT: Do you have any information concerning the past record of Mr. Schantle?

"MR. LAWS: Your Honor, I have an FBI rap sheet on Mr. Schantle, but other than that, the fact that he has a common-law wife and three children, I know nothing more about his background.

"THE COURT: Mr. Schantle, I just want to make it clear that you understand normally you would be entitled to have a jury trial on this charge-- and one is scheduled for the 29th of this month-- and during that trial you have the right to remain silent without your silence being held or used against you; and also you have the right to have all the witnesses against you appear in open court so that you can see them, you can hear them, and you can have them cross-examined. Now, if I accept this plea of guilty to Count No. I, there won't be any trial, there won't be any witnesses. And you have already told me what you have done. Now, is that what you want?

"THE DEFENDANT: Yes, sir.

"THE COURT: Well, the record may show that the Court accepts the plea of guilty to Count No. I as being voluntary and with knowledge of the consequences."

With respect to the presentence investigation, Schantle was advised by the court that in view of his prior record that he would in any event was going to receive a ten year sentence and that the presentence report would have little effect. Upon interrogation by Mr. Adams if he wanted to be sentenced, the defendant replied "Yeah." Thereupon the court pronounced sentence.

On the foregoing, this Court finds and concludes that defendant entered his plea of guilty to the crime of burglary voluntarily and with full knowledge of the consequences; that he did so after admitting to the District Court that he did in fact commit the act for which he was charged. It further appears that Schantle's entry of plea was the result of a plea bargain under which he received the maximum sentence possible for simple burglary, ten years, without increased punishment by reason of prior convictions. Two other criminal counts against him were dismissed.

The standard under which the validity of a guilty plea is judged is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant as affirmatively disclosed by the record. North Carolina v. Alford (1970), 400 U.S. 25, 31, 91 S.Ct. 160, 164, 27 L.Ed.2d 162, 168; Brady v. United States (1970), 397 U.S. 742, 747, 90 S.Ct. 1463, 1468, 25 L.Ed.2d 747, 755; Wilkins v. Erickson (9th Cir. 1974), 505 F.2d 761, 763; State v. Griffin (1975), 167 Mont. 11, 21, 535 P.2d 498, 503.

We find no merit in the application for habeas corpus here.

DISMISSED.

DATED this _28th_ day of May, 1980.

_____
Chief Justice

_____

_____

_____
Justices