No. 82-206

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

_____

STATE OF MONTANA,

Plaintiff and Respondent,

vs.

JOHN FESLER LANCE,

Defendant and Appellant.

_____

Appeal from:  District Court of the Fourth Judicial District,
In and for the County of Ravalli
Honorable Gordon Bennett, Judge presiding.

Counsel of Record:

For Appellant:

Koch & McKenna, Hamilton, Montana
Thomas P. Koch, Hamilton, Montana

For Respondent:

Hon. Mike Greely, Attorney General, Helena, Montana
Robert B. Brown, County Attorney, Hamilton, Montana

_____

Submitted on briefs: September 10, 1982

Decided: October 4, 1982

Filed:  **OCT 5 - 1982**

_Thomas J. Kearney_
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

Defendant-appellant was charged with the crime of custodial interference arising out of an incident which took place on August 13, 1979. On December 18, 1979, the date set for trial, defendant entered a plea of guilty to the charge while at a conference in the judges chambers. On February 18, 1982, defendant moved to withdraw his plea of guilty. The District Court denied defendant's motion and defendant appeals.

Pursuant to a decree of divorce entered in the District Court of the Fourth Judicial District of the State of Montana, six-year old, Brad Lance, was placed in the legal custody of Dale Lance, defendant's ex-wife. Prior to August 13, 1979, the District Court had issued a restraining order enjoining defendant from interfering with Dale Lance's custody of the minor children and from disturbing the peace of Dale Lance and the minor children.

On August 13, 1979, defendant removed Brad Lance who was sleeping in a tent in the yard of Dale Lance. Defendant removed Brad Lance with protest from Dale Lance. Later in the day of August 13, 1979, defendant was located and arrested in the parking lot of Tremper's Shopping Center in Missoula, Montana. Brad Lance was returned to Dale Lance by Missoula police. Defendant was arraigned and pled "not guilty" to the charge of custodial interference on September 21, 1979. Trial was scheduled for December 18, 1979. Thomas P. Koch was appointed by Judge Gordon R. Bennett to represent defendant, but since defendant refused Mr. Koch's services, the trial court asked him to appear as "standby counsel."

On December 13, 1979, the county attorney, Douglas Harkin, Judge Bennett, the defendant and Mr. Koch met in chambers to consider preliminary motions. The county attorney made a motion in limine to exclude a letter written by defendant addressed to Judge Bennett dated December 14, 1979. Defendant stated that the reading of the letter would constitute his defense to the charge

of custodial interference. The trial court granted the county attorney's motion to exclude the letter, holding that a majority of its contents were irrelevant to the case before the court. After conversing with the trial court, defendant stated to avoid forcing his son to testify and to save time he would plead guilty to the charge as the letter was the only defense he was going to present. Whereupon, the proceeding was moved from the chambers to the courtroom where the judge opened the matter for trial, read defendant's plea into the record and dismissed the jury. On June 27, 1980, defendant was sentenced to ten years in prison, with all time suspended except that already served.

On February 18, 1982, defendant, appearing pro se, filed a motion to withdraw his plea of guilty. On February 23, 1982, Judge Bennett denied the motion and entered findings of fact and conclusions of law in support of his order on March 8, 1982. Defendant appeals the order denying his motion to withdraw the plea of guilty.

Defendant raises three issues for review:

1. Whether the District Court erred by accepting the guilty plea without informing defendant of a possible defense to the charge via section 45-5-304(3), MCA.

2. Whether the guilty plea was accepted in open court as required under section 46-16-105(1)(a), MCA.

3. Whether the District Court erred in determining that undue delay justified the denial.

Section 45-5-304, MCA, states:

> "Custodial interference. (1) A person commits the offense of custodial interference if, knowing that he has no legal right to do so, he takes, entices, or withholds from lawful custody any child, incompetent person, or other person entrusted by authority of law to the custody of another person or institution
>
> ". . .
>
> "(3) A person who has not left the state does not commit an offense under this section if he voluntarily returns such person to lawful custody prior to arraignment."

Here, defendant was arrested at the shopping center and his

son was returned to defendant's ex-wife by the Missoula police. It does not appear defendant was given an opportunity to voluntarily return the child to the mother. The Commission's comments to section 45-5-304, MCA, state:

> "[o]ne should be especially cautious in providing penal sanctions applicable to estranged parents struggling over the custody of their children, since such situations are better regulated by custody orders enforced through contempt proceedings."

We agree with the Commission's comments. Here, defendant's taking of the child in violation of the custody order could possibly have been grounds for a contempt charge. However, this Court will not condone charging an estranged husband or wife with custodial interference just because they want to spend time with their natural child, when they do not attempt to hide or secret such child from the other parent. The record shows defendant was arrested exactly where he told the mother he would be. We are aware that defendant would have been better represented had he chosen to avail himself of the advice of legal counsel. The record is void of any indication that defendant was aware of the available defense as contained in section 45-5-304, MCA. Section 46-16-105, MCA, states when a plea of guilty may be accepted:

> "(1) Before or during trial, a plea of guilty may be accepted when:
>
> "(a) the defendant enters a plea of guilty in open court; and
>
> "(b) the court has informed the defendant of the consequences of his plea and of the maximum penalty provided by law which may be imposed upon acceptance of such a plea.
>
> "(2) At any time before or after judgment the court may, for good cause shown, permit the plea of guilty to be withdrawn and a plea of not guilty substituted."

The standard by which the validity of a guilty plea is judged is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant as affirmatively disclosed by the record. Schantle v. Crist (1980), _____ Mont. _____, 612 P.2d 673, 37 St.Rep. 1053; Yother v. State (1979), _____ Mont. _____, 597 P.2d 79, 36 St.Rep. 1192. While

it is clear that courts are not required to articulate specific rights when accepting a guilty plea, an indepth examination by the court is desirable and mandatory in cases where the record requires it. Yother, supra.

Here, the discussion in chambers between the court, standby counsel and defendant was as follows:

> "THE COURT: Now, even though you haven't asked, consented for him to be your attorney, I would like to ask Mr. Koch if you believe this plea is now being entered voluntarily with full understanding of what's involved?
>
> "MR. KOCH: I believe that he has your honor.
>
> "THE COURT: And you can say that --
>
> "MR. KOCH: I'm not sure that I believe that it is wise, but I believe he knows what he is doing.
>
> "THE COURT: Very well. Can you say that you're entering this plea voluntarily?
>
> "MR. LANCE: Yes, Your Honor.
>
> "THE COURT: With full understanding of what's involved? All right. I'll accept your plea of guilty, and that concludes the function of the jury."

Here, it was not an intelligent choice for the defendant to enter a plea of guilty when there was an available defense in the statute. The meaning and consequences of section 45-5-304(3), MCA, should have been explained to the defendant and the record is simply empty as to any discussion in that regard. We therefore hold the District Court erred in accepting defendant's plea without fully informing him of the available defense to the charge.

Although defendant waited over three years to move to withdraw his plea, considering the facts of this case, undue delay did not justify the denial. As we have already found reversible error as to the acceptance of the guilty plea, we will not comment upon whether the plea was accepted in open court as required under section 46-16-105(1)(a), MCA.

Judgment is reversed, and this cause is remanded to the District Court for further proceedings with directions to allow

the appellant to withdraw his plea.

_____ John Conway Harrison
Justice

We concur:

_____ Frank I. Haswell
Chief Justice

_____ Gen B Daly

_____ Daniel J Shea

_____ Wm E Shelby

_____ Fred J Weber

Justices

- 6 -