DA 13-0555

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2014 MT 261N

STATE OF MONTANA,

       Plaintiff and Appellee,

  v.

MICHAEL HOWARD MOULLET,

       Defendant and Appellant.

APPEAL FROM:     District Court of the Thirteenth Judicial District,
                 In and For the County of Yellowstone, Cause No. DC 12-173
                 Honorable Gregory R. Todd, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Ashley Harada, Harada Law Firm, PLLC, Billings, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, Mardell Ployhar, Assistant
          Attorney General, Helena, Montana

          Scott D. Twito, Yellowstone County Attorney, Billings, Montana

                        Submitted on Briefs:  August 27, 2014
                                 Decided:  September 23, 2014

Filed:

              _____
                      Clerk

Justice Patricia Cotter delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      On March 22, 2012, the State filed an information charging Michael Moullet with burglary in violation of § 45-6-204(1)(a), MCA. Specifically, the charging document alleged that on December 12, 2011, at approximately 5:00 a.m., Moullet utilized a pry bar to unlawfully break through the front door of his grandchildren's residence on the 400 block of Grand Avenue in Billings, Montana, with the purpose of committing the offense of kidnapping. On January 15, 2013, the State filed an Amended Information along with an Amended Affidavit and Motion for Leave to File Amended Information charging Moullet with two alternative counts of burglary. Count I charged Moullet with burglary based upon his alleged unlawful entry into his grandchildren's residence with the purpose to commit the offense of unlawful restraint. In the alternative, Count II charged Moullet with burglary based upon his alleged unlawful entry into his grandchildren's residence with the purpose to commit the offense of custodial interference.[1]

¶3      The Amended Affidavit alleged that the victims, M.H. and her husband N.H., contacted 911 at approximately 5:00 a.m. on December 12, 2011. While sleeping in their basement bedroom with M.H.'s two minor children, M.H. and N.H. were awakened by a

---

[1] Custodial interference is committed "if, knowing that the person has no legal right to do so, the person takes, entices, or withholds from lawful custody any child . . . entrusted by authority of law to the custody of another person or institution." Section 45-5-304(1), MCA.

2

loud noise followed by footsteps in the upstairs of their residence. N.H. ran upstairs and discovered that the front door had been pried open. N.H. also found a pry bar sitting on a bookshelf near the front door. The front door frame and lock had considerable damage. N.H. then noticed that Moullet was pacing around his vehicle outside the residence after the alleged break-in. Before chasing him into his van, N.H. heard Moullet say "I spoke to God and God sent me to come get the boys." He then saw Moullet flee the residence in a blue van. Although M.H.'s children had slept in the basement that evening, M.H. went upstairs to check on her children's bedrooms. M.H. noticed that the children's bedroom doors had been opened and that the lights had been turned on. According to M.H., Moullet was the paternal grandfather of her two minor children living in the residence. Moullet left the residence without taking the children. He was later apprehended by law enforcement.

¶4     On January 22, 2013, Moullet moved to dismiss Count II arguing that, under § 45-5-304(3), MCA, custodial interference is not committed if a defendant, as an alleged first offender, "voluntarily returns the child . . . to lawful custody before arraignment" or if a defendant has left the state, he "voluntarily returns the child . . . before arrest." Section 45-5-304(3), MCA. Moullet asserted that the State's charging document failed to specify that Moullet intended to not only take his grandchildren, but also that Moullet would not have returned them prior to arraignment or prior to his arrest if he left the state of Montana. The District Court denied Moullet's motion. On January 24, 2013, following a trial, the jury found Moullet not guilty on Count I and guilty on Count II. The District Court sentenced Moullet to ten (10) years of incarceration at the Montana State Prison.

¶5     Moullet now appeals his conviction contending that the District Court erred in denying his Motion to Dismiss Count II because the State failed to allege facts as to whether this was Moullet's first alleged offense of custodial interference; whether Moullet intended not to voluntarily return his grandchildren prior to his arraignment or prior to his arrest if he had left the state; and the length of time Moullet intended to keep his grandchildren. The State argues that the District Court did not abuse its discretion in denying Moullet's Motion to Dismiss Count II. The State contends that the charging documents sufficiently established probable cause that Moullet committed burglary and that the charging document need not state the absence of a defense. Additionally, the State argues that the defense set forth in § 45-5-304(3), MCA, applies when a person is charged with custodial interference, not burglary.

¶6     We review a district court's determination that a motion to file an information is supported by probable cause for abuse of discretion. *State v. Harlson*, 2006 MT 312, ¶ 21, 335 Mont. 25, 150 P.3d 349. If the district court's determination is based on an interpretation of law, the Court reviews the district court's legal conclusion de novo. *State v. Kern*, 2003 MT 77, ¶ 19, 315 Mont. 22, 67 P.3d 272.

¶7     Count II of the Amended Information alleged that Moullet committed burglary, a charge that arises when a person knowingly enters or remains unlawfully in an occupied structure with the purpose to commit an offense therein. Section 45-6-204(1)(a), MCA. Specifically, it states that Moullet "unlawfully entered his grandchildren's residence . . . and had the purpose of committing the offense of custodial interference in the occupied structure."

4

¶8 In reading the charging documents together, the Amended Information and Amended Affidavit establish more than a mere probability that Moullet committed the offense of burglary with the intent to commit custodial interference, and the facts are sufficient to establish probable cause. The State, when filing an amended information pursuant to § 46-11-201, MCA, is under no obligation to allege facts identifying possible defenses specified in § 45-5-304(3), MCA, a statute under which Moullet was not charged.

¶9 Moullet was charged with burglary, not custodial interference; thus, the defense set forth in § 45-5-304(3), MCA, is inapplicable. *See State v. Price*, 2002 MT 229, ¶ 42, 311 Mont. 439, 57 P.3d 42 ("Subsection (3) provides an escape clause to the charges under (1) of § 45-5-304, MCA, that is available for all defendants to raise and argue at trial"); *see also State v. Lance*, 201 Mont. 30, 33, 651 P.2d 1003, 1004 (1982). "The essential elements of burglary have always been the wrongful presence of the burglar *with an intent to commit another offense*." *State v. Wells*, 202 Mont. 337, 352, 658 P.2d 381, 389 (1983) (emphasis added). Moreover, "[i]t is not necessary to demonstrate that the related offense was in fact committed where the intent to commit it is shown," as "the burglary occurs at the time of unlawful entrance upon the premises." *Wells*, 202 Mont. at 352-53, 658 P.2d at 389.

¶10 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. Since the charging documents establish more than a mere probability that Moullet committed the burglary of which he was convicted, the District Court did not abuse its discretion in denying Moullet's Motion to Dismiss Count II. We affirm.

5

/S/ PATRICIA COTTER

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ JIM RICE