No. 96-416

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997

STATE OF MONTANA,

Plaintiff and Appellant,

v.

THOMAS CHARLES JENNI,

Defendant and Respondent.

APPEAL FROM:  District Court of the Tenth Judicial District,
In and for the County of Fergus,
The Honorable John R. Christensen, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Hon. Joseph P. Mazurek, Attorney General;
Cregg W. Coughlin (argued) , Assistant Attorney General;
Helena, Montana

Thomas P. Meissner, Fergus County Attorney;
Lewistown, Montana

For Respondent:

Torger Oaas (argued); Attorney at Law;
Lewistown, Montana

Submitted: April 22, 1997

Decided:   May 29, 1997

Filed:

_____
Clerk

Justice Terry N. Trieweiler delivered the Opinion of the Court.

The defendant, Thomas Charles Jenni, was charged by information, filed in the

District Court for the Tenth Judicial District in Fergus County, with the offense of driving while under the influence of alcohol, in violation of 61-8-401(1)(a), MCA. Based on his three prior convictions for DUI, the information charged him with a felony, pursuant to 61-8-714(4) and -722(4), MCA. He filed a motion to dismiss the felony DUI charge, which the District Court granted. The State of Montana appeals. We affirm the judgment of the District Court.

The sole issue on appeal is whether the District Court erred when it dismissed the felony DUI charge against Thomas Charles Jenni?

FACTUAL BACKGROUND

On February 27, 1996, Thomas Charles Jenni was charged by information with the offense of driving a motor vehicle while under the influence of alcohol. The charge alleged in the information would, if proven, have constituted his fourth DUI offense. He was previously convicted of DUI in Fergus County in 1985, in Yellowstone County in 1990, and in Phillips County in 1992. Based on those three prior convictions, the information charged him with a felony, pursuant to 61-8-714(4) and -722(4), MCA.

Jenni filed a motion to dismiss the felony DUI charge in which he contended that, at the time he pled guilty to the prior DUI charges, he was not, in fact, represented by an attorney, he had not been adequately advised of his constitutional right to an attorney, and he had not waived his right to an attorney. On that basis, he asserted that his prior DUI convictions were entered in derogation of his constitutional rights, and therefore, cannot be used to increase the current DUI charge to a felony.

In support of his motion, he submitted an affidavit which provides, in relevant part, as follows:

1. I plead [sic] guilty to a D.U.I. charge in June of 1985 in Justice Court, Fergus County. I spent 7 days in jail. I was not represented by an attorney nor was I advised by the Court that a court appointed attorney would be appointed for me, if I could not afford one.

3. I plead [sic] guilty to a D.U.I. charge in December of 1992 in Justice Court, Phillips County. I spent one night in jail. I was not represented by an attorney nor was I advised by the Court that a court appointed attorney would be appointed for me, if I could not afford one.

In response, the State maintained that a presumption of regularity is attached to Jenni's prior convictions and that his evidence fails to establish that his prior convictions were invalid. The State further contended that the City Court records from Jenni's prior convictions indicate that he was informed of the charges filed against him and of his rights. Those records, however, do not identify the specific rights of which he was advised.

The District Court granted Jenni's motion to dismiss the felony DUI charge. In its written order, the District Court concluded that:

[W]here the record is essentially silent as to whether the accused was advised of all of his constitutional rights including the right to be appointed counsel if indigent, the burden is shifted by Affidavit to the State to come forward with substantial evidence that the Defendant was constitutionally advised and his waiver was knowingly entered.

Accordingly, the District Court determined that Jenni's affidavit shifted the burden of proof to the State. It then made the following findings of fact with regard to Jenni's 1985 and 1992 DUI convictions:

Though it appears [Jenni] was informed of the charges and of his rights, there is no indication from the citations or the minutes attached thereto that [Jenni] was advised of his right to counsel.

Based on its findings of fact, and the application of its legal conclusions to those facts, the District Court held as follows:

[T]he record is silent and waiver of counsel from such a silent record is

impermissible . . . . The Court having held that the citations . . . [regarding Jenni's 1985 and 1992 DUI convictions] may not be used for enhancement purposes, Count I of the Information charging [Jenni] with Felony DUI must be reduced to a misdemeanor charge . . . .

DISCUSSION

Did the District Court err when it dismissed the felony DUI charge against Thomas Charles Jenni?

When we review a district court's conclusions of law, the standard of review is plenary and we must determine whether the district court's conclusions are correct as a matter of law. State v. Rushton (1994), 264 Mont. 248, 254-55, 870 P.2d 1355, 1359; State v. Sage (1992), 255 Mont. 227, 229, 841 P.2d 1142, 1143. When we review a district court's findings of fact, the standard of review is whether those findings are clearly erroneous. Daines v. Knight (1995), 269 Mont. 320, 324, 888 P.2d 904, 906.

In this case, the State contends, on appeal, that the District Court erred when it dismissed the felony DUI charge against Jenni.

The State asserts the same two arguments in support of its contention that it asserted in State v. Okland (Mont. May 29, 1997), No. 96-362, i.e., that (1) a presumption of regularity attaches to prior convictions and that, (2) even if the District Court did, in fact, recognize the presumption of regularity and assign the respective burdens of proof accordingly, it erred when it determined that the evidence presented by Jenni--his affidavit--effectively rebutted the presumption and shifted the burden of proof to the State.

We conclude, as we did in Okland, that: (1) a rebuttable presumption of regularity does attach to prior convictions; (2) that presumption may be overcome by direct evidence of irregularity; and that (3) once direct evidence of irregularity is offered by the defendant, the burden shifts to the State to prove, by direct evidence, that the prior conviction was not obtained in violation of the defendant's rights. See Okland, No. 96-362, slip op. at 11-12.

Pursuant to that procedural framework, we must first determine whether Jenni presented direct evidence in support of his claim that his constitutional rights were violated in a prior proceeding. In support of his claim, Jenni submitted an affidavit which states, in relevant part, as follows:

1. I plead [sic] guilty to a D.U.I. charge in June of 1985 in Justice Court, Fergus County. I spent 7 days in jail. I was not represented by an attorney nor was I advised by the Court that a court appointed attorney would be appointed for me, if I could not afford one.

3. I plead [sic] guilty to a D.U.I. charge in December of 1992 in Justice Court, Phillips County. I spent one night in jail. I was not represented by an attorney nor was I advised by the Court that a court appointed attorney would be appointed for me, if I could not afford one.

Jenni's affidavit asserts that: (a) he was not advised of his right to a court-appointed attorney in the event that he could not afford one; (b) he was convicted without the assistance of counsel; and (c) he was actually imprisoned as the result of his uncounseled convictions. We therefore conclude that Jenni's direct evidence of a constitutional infirmity in the prior proceedings is sufficient to rebut the presumption of regularity and to shift the burden of proof to the State.

Next, we must determine whether the State presented direct evidence that Jenni's prior convictions were not entered in violation of his constitutional rights. The State relies on the City Court records from Jenni's prior convictions which were submitted into evidence. Although those records indicate, in general terms, that he was informed of the charges filed against him and of his rights, they do not delineate the specific rights of which he was advised. Those records, therefore, do not affirmatively establish that Jenni was advised of his constitutional right to an attorney or that he knowingly and intelligently waived that right. However, the evidence establishes that Jenni was not

provided a court-appointed attorney and that he was convicted without the assistance of counsel.

We conclude that, based on Jenni's direct evidence that he was convicted without the assistance of counsel and that he was not advised of his constitutional right to court-appointed counsel, the burden shifted to the State to present direct evidence that Jenni's prior convictions were not entered in violation of his right to counsel and that the State failed to meet that burden. Accordingly, we hold that the District Court did not err when it dismissed the felony DUI charge against Thomas Charles Jenni. The judgment of the District Court is affirmed.

/S/   TERRY N. TRIEWEILER

We Concur:

/S/   J. A.  TURNAGE
/S/   KARLA M. GRAY
/S/   WILLIAM E. HUNT, SR.
/S/   W. WILLIAM LEAPHART
/S/   JAMES C. NELSON
/S/   JIM REGNIER