No. 98-085

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 143

295 Mont. 5

982 P.2d 1030

STATE OF MONTANA,

Plaintiff and Respondent,

v.

DAVID LEE BROWN,

Defendant and Appellant.

APPEAL FROM: District Court of the Seventeenth Judicial District,

No

In and for the County of Phillips,

The Honorable John C. McKeon, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Alan Johnson, Malta, Montana

For Respondent:

Joseph P. Mazurek, Attorney General, Pamela P. Collins, Assistant Attorney General, Helena, Montana; Ed Amestoy, Phillips County Attorney, Dan O'Brien, Deputy Phillips County Attorney, Malta, Montana

Submitted on Briefs: November 11, 1998

Decided: June 15, 1999

Filed:

No

_____

Clerk

Justice William E. Hunt, Sr. delivered the Opinion of the Court.

**¶1. David Lee Brown (Appellant) appeals from the findings of fact, conclusions of law, and order entered by the Seventeenth Judicial District Court, Phillips County, denying his motion to dismiss the charges of driving under the influence of alcohol (DUI) (5th offense), a felony, in violation of § 61-8-401(1)(a), MCA, or, alternatively, operating a vehicle with an alcohol concentration of .10 or more (DUI per se) (5th offense), a felony, in violation of § 61-8-406, MCA. We affirm.**

**¶2. The sole issue on appeal is whether the District Court erred in concluding that three out of four of Appellant's prior DUI convictions in Glacier County and the City of Cut Bank were constitutionally valid and could be used to support the enhanced felony charges against Appellant.**

## BACKGROUND

**¶3. On May 18, 1997, law enforcement authorities cited Appellant for DUI and, alternatively, DUI per se, and placed him under arrest. Based on Appellant's prior convictions for DUI, and pursuant to § 61-8-731, MCA, the State of Montana (State) charged Appellant by information with felony DUI and, alternatively, felony DUI per se. On July 14, 1997, Appellant pleaded not guilty to the charges.**

**¶4. On August 27, 1997, Appellant filed a motion to dismiss the information on the ground that the charges of felony DUI and felony DUI per se were based on prior convictions that were constitutionally invalid. Appellant conceded that one prior DUI conviction, in Toole County, was constitutionally valid, but argued that the remaining prior DUI convictions, in Glacier County and the City of Cut Bank, were constitutionally invalid because there was no written record of Appellant making a**

knowing, voluntary waiver of his right to counsel before entering pleas of guilty. Appellant attached to his brief in support of the motion to dismiss an affidavit stating that he did not recall being informed of his right to counsel and did not sign or otherwise make a knowing waiver of his right to counsel.

¶5. In their respective briefs in support of and in opposition to the motion to dismiss, the parties agreed on the proper allocation of their respective burdens of proof as set forth in State v. Okland (1997), 283 Mont. 10, 941 P.2d 431. In that case, we held that a rebuttable presumption of regularity attaches to prior convictions during a collateral attack. We concluded that a defendant who challenges the validity of his prior conviction during a collateral attack has the initial burden of producing direct evidence of its invalidity. Once a defendant has made such a showing, the burden then shifts to the State to produce direct evidence and prove by a preponderance of the evidence that the prior conviction is constitutionally valid. Okland, 283 Mont. at 18, 941 P.2d at 436.

¶6. The District Court held an evidentiary hearing and oral argument on September 25, 1997. In an effort to rebut the presumption of regularity of his prior DUI convictions in Glacier County and the City of Cut Bank, Appellant testified that he did not recall being informed of his right to counsel and did not sign a waiver of his right to counsel when he pleaded guilty to those prior DUI charges. Upon hearing this testimony, the court found that Appellant had provided direct evidence sufficient to rebut the presumption of regularity and shift the burden of proof to the State. The State does not contest this finding.

¶7. Prior to calling any witnesses, the State introduced into evidence six exhibits containing documentary evidence. The parties had previously stipulated to the admission of this evidence. Exhibit 1 was a certified copy of Appellant's driving record provided by the Department of Justice, Motor Vehicle Division, State of Montana. Exhibits 2 through 6 were certified copies of court records detailing each of Appellant's prior DUI convictions as follows: (1) on July 30, 1990 in Glacier County before William L. Burns, Justice of the Peace (Judge Burns); (2) on November 20, 1990 in Glacier County before Judge Burns; (3) on January 30, 1992 in Glacier County before Judge Burns; (4) on November 10, 1992 in Toole County before Sandra Peterson, Justice of the Peace (Judge Peterson); and (5) on October 20, 1994 in the City of Cut Bank before Judge Burns in his capacity as City Judge.

¶8. Exhibits 2 through 5 detailed Appellant's DUI convictions in Glacier County and the City of Cut Bank before Judge Burns. Each of these exhibits contained copies of the citations issued to Appellant upon his arrest for DUI. With the exception of Exhibit 3, these exhibits also contained copies of forms entitled "Initial Appearance and Advisement of Rights," which Judge Burns had signed, but which Appellant had not signed. On these forms appeared hand-written check marks next to each of Appellant's specific rights, including the right to counsel, indicating that Appellant had been advised of these rights. Although Exhibit 3 did not contain an advisement of rights form, it contained a sentencing order, signed by Judge Burns, in which he stated in general terms that Appellant had been advised of his rights.

¶9. Exhibit 6 detailed Appellant's DUI conviction in Toole County before Judge Peterson. Exhibit 6 contained an initial appearance and advisement of rights form and an acknowledgment of waiver of rights form, both of which were signed by Judge Peterson and Appellant. As previously noted, Appellant does not contest the validity of his DUI conviction in Toole County.

¶10. After introducing these exhibits into evidence, the State presented testimony from Judge Burns. Judge Burns testified that he is the justice of the peace for Glacier County and the city judge for the City of Cut Bank, and has held both positions for 22 years. He stated that he received his law degree from the University of Montana School of Law in 1973 and is an active member of the State Bar of Montana. Each year, Judge Burns attends two weeks of mandatory judge's training in Montana.

¶11. Judge Burns testified that when a defendant makes an initial appearance in his courtroom, he engages in a routine procedure. First, Judge Burns determines the identity of the defendant. Next, he advises the defendant of his or her rights. When asked how he advises defendants of their right to counsel, Judge Burns stated that he advises defendants "that they have a right to be represented by counsel, and, if there's a possibility of a jail sentence, that counsel can be appointed for them if they cannot afford counsel." Judge Burns stated that once he believes that a defendant understands his or her rights, he reads the charging document and explains the maximum penalty for the offense. If applicable, Judge Burns also explains the enhanced penalty for subsequent convictions of the offense. Next, Judge Burns explains the elements of the offense and explains the State's burden of proving each element beyond a reasonable doubt in order for the defendant to be found guilty. Finally, Judge Burns sets bond.

¶12. Judge Burns testified that the above procedure is used in both justice court and city court and that every criminal defendant hears the same advisement. He stated that in going through the procedure, he always uses a form. He said that when he advises a defendant of his or her rights, he asks the defendant whether he or she understands each right and, if the defendant indicates his or her understanding, he places a check mark next to that right. He stated that if a defendant asks questions or indicates a lack of understanding, he further explains the right until the defendant understands. Judge Burns also testified that if a defendant has undergone the initial advisement of rights, and at a later time decides to plead guilty, the defendant is re-advised of his or her rights using another form. Judge Burns stated that he has used advisement of rights forms since 1990, and that although in the past he did not require defendants to sign the forms, he does so now.

¶13. Judge Burns testified that with respect to all of Appellant's prior DUI convictions in Glacier County and the City of Cut Bank, he is absolutely certain that he advised Appellant of his rights, including his right to counsel, and that Appellant knowingly and voluntarily waived those rights. In reference to Exhibits 2, 4, and 5, Judge Burns distinctly remembered arraigning Appellant on the charges detailed therein, and remembered going through the advisement of rights forms with Appellant on the occasion of his conviction detailed in Exhibit 2. He also remembered the circumstances surrounding the offenses detailed in Exhibits 2, 4, and 5. Regarding Exhibit 2, Judge Burns remembered that Appellant "had a little wrestling match" with the police officers which resulted in the officers charging Appellant with another offense in addition to the offense of DUI. Regarding Exhibit 4, Judge Burns remembered that Appellant was involved in a high speed chase with police officers which he described as "a life threatening situation." Regarding Exhibit 5, Judge Burns remembered that Appellant was again involved in a high speed chase with police officers after getting mad at his wife and driving his car "through their hedge and partly into the living room."

¶14. In reference to Exhibit 3, Judge Burns testified that he did not remember the circumstances surrounding the DUI detailed in that exhibit. When asked about the missing advisement of rights form in Exhibit 3, Judge Burns stated:

I'm sure that he [Appellant] was advised . . . but it's [the form] just not in the file. I don't know what happened to it. The sheriff's office initially has custody of those, and then they're transmitted to the clerk, and it didn't get into our file. But I know that I used that

form because I never arraign anybody unless I go through that form with them.

**¶15. On October 4, 1997, the court issued its findings of fact, conclusions of law, and order denying Appellant's motion to dismiss. The court found that a preponderance of the evidence established that Appellant was advised of and knowingly waived his right to counsel prior to entering pleas of guilty in the DUI convictions detailed in Exhibits 2, 4, and 5. The court found that a preponderance of the evidence did not establish that Appellant was advised of and knowingly waived his right to counsel prior to entering a plea of guilty in the DUI conviction detailed in Exhibit 3. Upon these findings, the court concluded that the State had met its burden of producing direct evidence and proving by a preponderance of the evidence that Appellant's prior DUI convictions detailed in Exhibits 2, 4, and 5 were constitutionally valid and could be used to support the enhanced felony charges against Appellant. This appeal followed.**

## DISCUSSION

**¶16. Did the District Court err in concluding that three out of four of Appellant's prior DUI convictions in Glacier County and the City of Cut Bank were constitutionally valid and could be used to support the enhanced felony charges against Appellant?**

**¶17. When we review a district court's conclusions of law, the standard of review is plenary and we must determine whether the district court's conclusions are correct as a matter of law. <u>Okland</u>, 283 Mont. at 14, 941 P.2d at 433.**

**¶18. Appellant argues that the District Court erred in concluding that the State met its burden of proving by a preponderance of the evidence that Appellant was advised of his rights and knowingly waived those rights prior to pleading guilty in the DUI convictions detailed in Exhibits 2, 4, and 5. In support of his argument, Appellant makes several assertions, including the fact that the advisement of rights form in Exhibit 5 specifically provided a space designated for Appellant's signature, yet Appellant's signature did not appear, and the fact that Judge Burns has recently implemented the practice of requiring defendants to sign their advisement of rights forms. In addition, Appellant asserts that public policy favors the practice of requiring defendants to sign both an advisement of rights form and an**

acknowledgment of waiver of rights form. Appellant states:

[T]he best record, short of a verbatim transcript or audio or video recording, is a statement which specifically delineates Defendant's rights with Defendant to sign a statement saying he understands those rights, and a second statement for Defendant to sign, stating that he specifically waives those rights and desires to enter a plea of guilty. If such a record were the standard in Montana today, there would be little argument over the constitutional infirmity of predicate prior convictions from the lower courts of this State.

**¶19. We glean from these assertions that Appellant bases his assignment of error on the fact that Appellant did not sign the advisement of rights forms and did not sign an acknowledgment of waiver of rights form in the convictions detailed in Exhibits 2, 4, and 5. While we agree with Appellant that an acknowledgment of waiver of rights form signed by the defendant would be the best written evidence of a defendant's understanding and voluntary waiver of rights, we do not agree with Appellant that the omission of his signature on the advisement of rights forms, or the absence of a signed acknowledgment of waiver of rights form, constitutes reversible error. We have held that in determining whether the State has met its burden of proving that a defendant knowingly and voluntarily waived his right to counsel before entering a guilty plea, a district court is required to consider the State's evidence and weigh it against the defendant's representations. State v. Couture, 1998 MT 137, ¶ 17, 289 Mont. 215, ¶ 17, 959 P.2d 948, ¶ 17 (citing State v. Olson (1997), 283 Mont. 27, 32, 938 P.2d 1321, 1325).**

**¶20. In articulating the above test, we have consistently emphasized the importance of the State's burden of producing direct, affirmative evidence of the constitutional validity of a defendant's prior conviction. *See* Okland, 283 Mont. at 20, 941 P.2d at 437 (although a letter from the court to the defendant established that the defendant was aware of his right to counsel, it did not affirmatively establish that the defendant waived his right to counsel); State v. Jenni (1997), 283 Mont. 21, 25-26, 938 P.2d 1318, 1321 (general statement that the defendant was advised of his rights, without delineating *specific* rights, did not affirmatively establish that the defendant was advised of his right to counsel and that he waived that right). However, we have never gone so far as to narrowly *prescribe* the type of direct, affirmative evidence necessary for the State to prove the constitutional validity of a defendant's prior conviction. We decline to do so today. We hold that in determining whether the State**

has met its burden of proving the constitutional validity of a defendant's prior conviction, the defendant's signature on the advisement of rights form and the existence of an acknowledgment of waiver of rights form signed by the defendant are but factors to be considered in the totality of circumstances.

¶21. Applying this rule to the facts of the instant case, we determine that the District Court did not err in concluding that Appellant's prior DUI convictions detailed in Exhibits 2, 4, and 5 were constitutionally valid and could be used to support the enhanced felony charges

against Appellant. The advisement of rights forms contained in Exhibits 2, 4, and 5 delineate the specific rights of Appellant and a hand-written check mark appears next to Appellant's right to counsel. Judge Burns signed these forms. Judge Burns testified to his routine practice of arraigning defendants using these advisement of rights forms. He testified that he asks about each right and confirms the defendant's understanding of each right before placing a check mark next to the right. Judge Burns remembered the particular circumstances surrounding the arrests in Appellant's DUI convictions detailed in Exhibits 2, 4 and 5. Judge Burns distinctly remembered going through the checklist form with Appellant on the occasion of his DUI conviction detailed in Exhibit 2. Judge Burns testified that he was absolutely certain that Appellant was advised of his rights and that Appellant knowingly and voluntarily waived those rights before pleading guilty in his prior DUI convictions.

¶22. The weight of the evidence and the credibility of witnesses is exclusively within the province of the district court and when the evidence conflicts, the district court is in the best position to make the necessary inferences and determine which shall prevail. Couture, ¶ 17 (citing Olson, 283 Mont. at 32-33, 938 P.2d 1325). In this case, the District Court was presented with Appellant's affidavit and testimony on the one hand, and with the State's evidence on the other. The District Court was in the best position to weigh each party's evidence and determine which shall prevail. This Court will not disturb that decision.

¶23. Affirmed.

/S/ WILLIAM E. HUNT, SR.

No

We Concur:

/S/ J. A. TURNAGE

/S/ KARLA M. GRAY

/S/ JIM REGNIER

/S/ TERRY N. TRIEWEILER