No. 00-594

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 65


STATE OF MONTANA,

                Plaintiff and Respondent,

    v.

TODD ALLEN PETERSON,

                Defendant and Appellant.



APPEAL FROM:    District Court of the Tenth Judicial District,
                     In and for the County of Fergus,
                     The Honorable John R. Christensen, Judge presiding.



COUNSEL OF RECORD:

        For Appellant:

        Brian Kohn, Billings, Montana

        For Respondent:

        Joseph P. Mazurek, Montana Attorney General, Pamela P. Collins,
        Assistant Montana Attorney General, Helena, Montana; Thomas P.
        Meissner, Fergus County Attorney, Lewistown, Montana


                          Submitted on Briefs: February 1, 2001

                          Decided:  April 2, 2002

Filed:

_____
                        Clerk

Justice James C. Nelson delivered the Opinion of the Court.

## I. INTRODUCTION

¶1 Todd Peterson (Peterson) was charged by information with fourth offense driving under the influence, a felony, in violation of § 61-8-401 and § 61-8-731, MCA, in the Tenth Judicial District Court, Fergus County. Peterson collaterally challenged the felony status of the charge through a motion to dismiss, asserting that two of his previous misdemeanor convictions were constitutionally insufficient because he was not properly informed of his right to counsel. The District Court denied his motion, finding that Peterson was properly informed of his right to counsel in both instances. Peterson appeals the denial of his motion. We affirm the District Court on one conviction and remand for further findings on the other conviction.

¶2 We address the following issue on appeal:

Did the District Court err in finding that Peterson was informed of his right to counsel in two previous misdemeanor convictions for driving under the influence?

## II. FACTUAL AND PROCEDURAL BACKGROUND

¶3 The facts of Peterson's most recent guilty plea to driving under the influence (DUI) are not at issue in this case. Therefore, we turn directly to the facts regarding Peterson's guilty pleas in two of his previous convictions. In 1988, Peterson pled guilty to a DUI charge in front of Fergus County Justice of the Peace David L. Sather (Judge Sather). In 1989, Peterson pled guilty to a DUI charge in front of Lewistown City Judge R. D. Brassey (Judge Brassey). Peterson asserted in an affidavit attached to his motion to

dismiss that he was not properly informed of his right to counsel in both of these convictions.

¶4 The District Court held an evidentiary hearing to determine whether Peterson was properly advised during the entry of these two pleas and heard testimony from five witnesses. Sandra Coppedge, the custodian of the records for Fergus County Justice Court, testified regarding the documentation of Peterson's previous pleas and these documents were admitted as evidence. Judge Brassey testified regarding Peterson's 1989 plea. Because Judge Sather passed away on July 21, 1999, Judge Brassey and Fergus County Justice of the Peace Jack Shields (Judge Shields) also testified regarding their understanding of the routine procedures Judge Sather used and would have followed in 1988. Peterson testified regarding both pleas, and his mother Betty Schramm (Schramm), testified regarding the 1989 plea.

¶5 Following the hearing, the District Court entered an Order Denying Defendant's Motion to Dismiss (Order). In its Order, the court noted evidence in addition to that submitted at the hearing. Specifically, the court noted Judge Sather's testimony in *State v. Louann Rowland Petersen* (Fergus County Cause No. DC 96-46), in which Judge Sather testified as to his routine practice. The District Court further noted that this testimony was consistent with Judge Brassey's testimony of Judge Sather's routine practice to inform defendants of the right to counsel and the right to appointed counsel if indigent. Peterson now appeals this Order. Further details of the testimony and evidence

are discussed below.

### III. STANDARD OF REVIEW

¶6 A rebuttable presumption of regularity, including the presumption that a defendant was properly informed of and waived any constitutional rights at issue, attaches to a prior DUI conviction used to enhance a subsequent conviction to a felony. *State v. Okland* (1997), 283 Mont. 10, 17-18, 941 P.2d 431, 436. This presumption must be overcome by direct evidence of irregularity from the defendant. *State v. Big Hair,* 1998 MT 61, ¶ 16, 288 Mont. 135, ¶ 16, 955 P.2d 1352, ¶ 16. The burden then shifts to the State to prove by a preponderance of evidence that the prior conviction was not obtained in violation of the defendant's rights. *State v. Ailport*, 1998 MT 315, ¶ 7, 292 Mont. 172, ¶ 7, 970 P.2d 1044, ¶ 7.

¶7 We review a trial court's findings on the evidence regarding a prior plea to determine whether those findings are clearly erroneous. *Ailport*, ¶ 6. A finding is clearly erroneous if it is not supported by substantial evidence, the court misapprehended the effect of the evidence, or our review of the record convinces us that a mistake has been committed. *Ailport*, ¶ 6. In making its findings, the trial court may consider evidence offered by the State that is outside the record of the conviction at issue which demonstrates the conviction was constitutionally sound. *Ailport*, ¶ 15. Further, we have declined to require any specific type of evidence for the State to meet its burden. *State v.*

4

*Brown*, 1999 MT 143, ¶ 20, 295 Mont. 5, ¶ 20, 982 P.2d 1030, ¶ 20. Conflicts in the evidence and questions of credibility are properly resolved by the trier of fact. *Brown*, ¶ 22; *State v. Moga*, 1999 MT 283, ¶ 14, 297 Mont. 1, ¶ 14, 989 P.2d 856, ¶ 14. Finally, we review a trial court's decision to admit evidence for abuse of discretion. *State v. Stringer* (1995), 271 Mont. 367, 374, 897 P.2d 1063, 1067.

### IV. DISCUSSION

**Did the District Court err in finding that Peterson was informed of his right to counsel in two previous misdemeanor convictions for driving under the influence?**

At issue in this case is a defendant's constitutional right to counsel, *State v. Craig* (1995), 274 Mont. 140, 148, 906 P.2d 683, 688, or right to court appointed counsel if indigent, *Okland*, 283 Mont. at 14, 941 P.2d at 433, whenever a sentence of imprisonment is imposed, *State v. Hansen* (1995), 273 Mont. 321, 325, 903 P.2d 194, 197. The right to counsel may be validly waived by the defendant if the waiver is knowing and intelligent. *Okland*, 283 Mont. at 14, 941 P.2d at 433. If a prior conviction is invalid for failure to inform the defendant of these rights regarding counsel, it may not be used to enhance the penalty of a subsequent conviction. *Okland*, 283 Mont. at 15, 941 P.2d at 434 (citing *Lewis v. State* (1969), 153 Mont. 460, 463, 457 P.2d 765, 766).

We have reviewed the issue of collateral challenges to the validity of prior DUI convictions a number of times. In *Okland*, we upheld the district court when it prohibited the use of a prior DUI conviction to enhance a subsequent DUI to a felony because the

prior conviction record demonstrated that the defendant asked for a court appointed attorney but was eventually convicted without an attorney. *Okland*, 283 Mont. at 19-20, 941 P.2d at 436-37.

11¶ Further, in *Moga* we upheld the trial court when it allowed the use of a prior DUI conviction where the defendant testified that he was not informed of his right to counsel but the presiding judge submitted an affidavit stating that, although he could not remember the specific defendant, the record of the prior conviction indicated it was routine and it was his routine practice to properly inform defendants of the right to counsel, the right to court appointed counsel, and to require a valid waiver of that right. *Moga*, ¶¶ 12-15. In contrast, in *Jenni*, we upheld the district court when it disallowed the use of a prior DUI conviction when the State's evidence consisted only of a court document that generally stated the defendant was advised of all his rights. *State v. Jenni* (1997), 283 Mont. 21, 25-26, 938 P.2d 1318, 1321.

12¶ In *Couture* we upheld the trial court when it allowed the use a prior DUI conviction where the defendant denied being informed of the right to counsel, but the court record indicated the defendant was informed even though he did not sign the acknowledgment forms. *State v. Couture*, 1998 MT 137, ¶ 15-18, 289 Mont. 215, ¶ 15-18, 959 P.2d 948, ¶ 15-18. In *Ailport*, we upheld the trial court's allowance of a prior DUI conviction where the court was required to consider competing affidavits regarding a North Dakota court's routine practice. *Ailport*, ¶¶ 10-16.

6

¶13 The parties in this case agree that Peterson met his burden to show direct evidence of irregularity because he testified that he was not informed of his rights regarding counsel or appointed counsel at either conviction. *See Couture*, ¶ 15. *Compare Big Hair,* ¶ 17-18 (defendant's statement that he couldn't recall whether or not he was informed of his rights insufficient to rebut presumption of regularity of prior proceeding). Therefore, we must determine whether the District Court was clearly erroneous in finding that the State met its burden by a preponderance of the evidence to show Peterson was properly informed of his rights in each of his prior pleas.

**A. The 1989 Plea.**

¶14 Regarding this conviction, Peterson asserts that he was not properly informed of his right to counsel. The State asserts that Judge Brassey's testimony regarding his routine practice to inform defendants of the right to counsel and the right to appointed counsel if indigent proves that Peterson was properly informed. The District Court found that the preponderance of the evidence demonstrated that Peterson's prior conviction was valid because he was "advised of his constitutional rights, he specifically requested time to consult with an attorney and thereafter entered a plea of guilty upon the advice of counsel." After a careful review of the record as discussed below, we conclude there is a conflict in the evidence that requires remand to the District Court for further findings regarding this plea.

¶15 In support of his motion, Peterson testified that at his arraignment, he requested

time to consult with attorney Torger Oaas (Oaas). He and his mother, Schramm, both testified that they later met with Oaas, that Peterson and Schramm decided not to hire Oaas because they were unable to afford his fee, and that Oaas did not give Peterson any legal advice. Further, Peterson and his mother both testified that Oaas was not present when Peterson plead guilty. Peterson also testified that Judge Brassey did not tell him the court would appoint Oaas, that Oaas was not appointed by the court as his attorney, and that to his knowledge, Oaas never received money from the court for his representation. Finally, Peterson testified that he told Judge Brassey he had talked to Oaas, but that he did not hire Oaas.

16¶ In support of its burden, the State introduced court documents as evidence and Judge Brassey testified. Two documents are relevant to the issue here. One is a Notice of Jury Trial and the other is a copy of Peterson's traffic citation, both of which have Judge Brassey's handwritten notes on them. The Notice of Jury Trial indicates that it was copied to "Defense Attorney Torger Oaas" and has Judge Brassey's handwritten note: "12/7/89 on advice of attorney chg plea to guilty." Judge Brassey's notes on the traffic citation read: "requested time to consult w/atty T. Oaas - set trial after consulting w/attorney. . . . 12/7/89 9:05 am chg plea to guilty on advice of attorney." Judge Brassey testified that although he did not remember Peterson's case specifically, it was his routine practice to inform defendants of the right to counsel and the right to appointed counsel if indigent.

8

¶17 However, in contrast to this routine practice, Judge Brassey also testified that since Oaas' name was written on the ticket, according to his routine practice, it was probably due to the defendant's request for a court appointed attorney. Further, he testified that according to his routine practice, if a defendant had an attorney, he would never accept a guilty plea from that defendant without the attorney present. In addition, he testified that his notation "chg plea to guilty on advice of attorney" indicated to him that an attorney was present when Peterson plead guilty. When asked if it was possible Peterson appeared to plead guilty without an attorney, Brassey stated that due to his notation "on advice of attorney," he "wouldn't allow that. . . . I am sure I wouldn't allow him to come in and enter a plea without his attorney once he has an attorney. That was not my procedure." Finally, Judge Brassey testified that according to his routine practice and his notations on Peterson's records, he was "sure [Peterson] had one [an attorney], absolutely. I wouldn't have had a hearing without one."

¶18 The above excerpts demonstrate that an important question was left unresolved by the trial court--i.e. whether Peterson was or was not represented by counsel. This question derives from Peterson's and Schramm's testimony that no attorney was present at the guilty plea and Judge Brassey's testimony that if he wrote "on advice of attorney" on the ticket, that an attorney was present. This also in turn leaves a question as to whether Peterson knowingly and intelligently waived his right to an attorney. Because the District Court found that Peterson's conviction was valid in part on the grounds that

9

he "entered a plea of guilty upon the advice of counsel," the court did not consider whether Peterson waived his right to an attorney. Yet Peterson and Schramm testified that Peterson did not have an attorney. Further, Judge Brassey's testimony is inconsistent with a knowing and intelligent waiver of the right to appointed counsel by Peterson because Peterson and Schramm both assert that they did not hire Oaas as they couldn't afford his fee.

19¶ While Judge Brassey testified to a routine practice to inform defendants of the right to counsel if indigent at arraignment, his testimony regarding his specific routine practice when using the phrase "on advice of attorney" is not consistent in this case. Because the District Court did not address this inconsistency in Judge Brassey's testimony and resolve whether Oaas actually represented Peterson, we remand for further proceedings and a determination of this issue. *See State v. Olson* (1997), 283 Mont. 27, 32-33, 938 P.2d 1321, 1325 (remanding to trial court for further findings of fact because it incorrectly decided the State failed its burden to prove prior conviction valid as a matter of law rather than as an issue of fact.)

**B. The 1988 Plea.**

20¶ Regarding this plea, Peterson asserts the District Court erred by taking judicial notice of Judge Sather's testimony in another case regarding his routine practice. Peterson further asserts that the District Court erred in considering testimony from two other judges regarding Judge Sather's routine practice. The State asserts that Peterson

failed to preserve his first claim of error for appeal regarding Judge Sather's testimony because he failed to object in the trial court. The State further argues that the court's judicial notice of this evidence was proper. Finally, the State asserts that Peterson also failed to preserve for appeal his argument regarding testimony from Judges Brassey and Shields and that this testimony describing Judge Sather's routine practice was also properly admitted.

21¶ We agree with the State that Peterson failed to preserve his right of appeal on the issue of judicial notice of Judge Sather's testimony in another case because he failed to object to the District Court. Rule 103(a)(1), M.R.Evid., and § 46-20-701(2), MCA, both provide that error may not be predicated upon a ruling unless some sort of objection appears on the record. Rules 201 and 202, M.R.Evid., govern judicial notice of facts and of law respectively. Although the parties disagree whether judicial notice of Judge Sather's testimony in another case constitutes judicial notice of fact versus judicial notice of law, both rules contain the same subsection providing for review of the propriety of taking judicial notice by the trial court. This subsection reads:

> (e) Opportunity to be heard. A party is entitled upon timely request to an opportunity to be heard as to the propriety of taking judicial notice and the tenor of the matter noticed. In the absence of prior notification, the request may be made after judicial notice has been taken.

This rule explicitly provides for review by the trial court upon request by a party, either

before or after judicial notice is taken. Peterson never made such a request in this case. We will not consider issues raised for the first time on appeal when the appellant had opportunity to make objection at the trial level. *State v. Weeks* (1995), 270 Mont. 63, 85, 891 P.2d 477, 490-91. *See also State v. Loh* (1996), 275 Mont. 460, 478-79, 914 P.2d 592, 603 (general objection to judicial notice insufficient to preserve issue for appeal). Therefore, we will not consider this issue.

22¶    Because the District Court merely stated that Judge Sather's testimony was consistent with Judge Brassey's testimony, we must now turn to Peterson's argument that the court erred in considering the testimony of Judge Brassey regarding Judge Sather's routine practices.

23¶    Peterson claims that admission of this evidence as proof of habit or routine practice under Rule 406, M.R.Evid., was error, but cites no authority in support of his argument as required under Rule 23(a)(4), M.R.App.P. Further, at trial Peterson objected to the evidence by arguing it was hearsay and speculative, but did not assert that it violated Rule 406, M.R.Evid. Rather, Peterson makes the conclusory assertion on appeal that admission of this evidence was error because in other cases, judges have only testified as to *their own* routine practice. The State asserts that, as a consequence of Peterson's failure to properly preserve this argument for appeal and his failure to cite authority on appeal, we should not consider this argument on appeal.

24¶    We agree. As mentioned, the rule is well established that this Court will not

address an issue raised for the first time on appeal or a party's change in legal theory on appeal because it is unfair to fault the trial court on an issue it never considered. *State v. Weaselboy*, 1999 MT 274, ¶ 16, 296 Mont. 503, ¶ 16, 989 P.2d 836, ¶ 16 (citation omitted). Further, we do not consider arguments on appeal that are unsupported by authority. *State ex rel. Booth v. Montana Twenty-First Judicial Dist.*, 1998 MT 344, ¶ 35, 292 Mont. 371, ¶ 35, 972 P.2d 325, ¶ 35. Therefore, the District Court's finding that Peterson was properly informed of his right to counsel in the 1988 conviction is affirmed.

## V. CONCLUSION

25¶    We affirm the District Court's decision as to Peterson's 1988 DUI conviction and remand for further proceedings on Peterson's 1989 DUI conviction.


/S/ JAMES C. NELSON


We Concur:

/S/ KARLA M. GRAY
/S/ JIM REGNIER
/S/ TERRY N. TRIEWEILER
/S/ W. WILLIAM LEAPHART