No. 02-067

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 27

STATE OF MONTANA,

        Plaintiff and Respondent,

   v.

MICHAEL KVISLEN,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
                    In and For the County of Yellowstone, **Cause No. DC-01-0128**
                    Honorable Gregory R. Todd, Judge Presiding

COUNSEL OF RECORD:

        For Appellant:

                Gary E. Wilcox, Attorney at Law, Billings, Montana

        For Respondent:

                Honorable Mike McGrath, Attorney General; Mark W. Mattioli, Assistant
                Attorney General, Helena, Montana

                Dennis Paxinos, County Attorney; Rod Souza, Deputy County Attorney,
                Billings, Montana

                        Submitted on Briefs:  May 9, 2002

                                  Decided:  February 19, 2003

Filed:

                                  Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1     Michael Kvislen (Kvislen) appeals from his conviction in the Thirteenth Judicial District Court for felony DUI.  We reverse.

¶2     The following issues are raised on appeal:

¶3     (1) Whether the District Court erred by denying Kvislen's motion to dismiss without holding an evidentiary hearing concerning Kvislen's claim that one of his prior convictions was obtained unconstitutionally; and

¶4     (2) Whether this case should be remanded to the District Court for an evidentiary hearing regarding Kvislen's claim or, conversely, whether Kvislen's felony conviction should be reversed and the case dismissed.

## FACTUAL AND PROCEDURAL BACKGROUND

¶5     On February 6, 2001, Kvislen was charged with Felony Driving While Under the Influence of Alcohol and/or Drugs.  Pursuant to §§ 61-8-714(4) and 61-8-722(4), MCA, the information charged the offense as a felony because Kvislen had been convicted of DUI on three other occasions in 1990, 1998, and 2000.  Prior to trial in Yellowstone County, Kvislen filed a motion to dismiss the information on grounds that the 1990 DUI conviction in the Billings City Court was entered in derogation of his constitutional rights and could not be used to elevate the 2001 charge to a felony. Kvislen submitted an affidavit in which he averred that he never received notice of his 1990 trial, and that he was not informed of his right to court-appointed counsel during those proceedings.  The affidavit provides as follows:

2

I, Michael Kvislen, being first duly sworn, upon oath, depose and say:

. . . .

3. In 1989, I was charged in Billings City Court with Driving Under the Influence of Alcohol . . . and was convicted after a trial in absentia. I did not receive notice of that trial.

4. . . . I could not afford an attorney and I was not advised of my right to a court-appointed attorney.

5. I did not waive my right to a court-appointed attorney.

6. I was convicted without the assistance of an attorney.

7. I was incarcerated as a result of the conviction that I received without an attorney.

¶6 The State opposed Kvislen's motion to dismiss, and argued that Kvislen's affidavit lacked sufficient detail to rebut the presumption of regularity associated with the 1990 conviction. As an indication that Kvislen was advised of his rights, the State provided the District Court with the City Court docket sheet, which contained a check mark next to the phrase "Advise of Rights." The State also noted, in its Brief in Response to Defendant's Motion to Dismiss, that former Billings City Court Judge, Gayle Stewart, who presided over the 1990 proceedings against Kvislen, would testify that she routinely advised all defendants of their constitutional rights. In response to Kvislen's second claim that he was never notified of the 1990 trial, the State observed that during the arraignment in that case, Kvislen received a notice that the trial was set for April 16, 1990.

¶7 Without conducting an evidentiary hearing to weigh Kvislen's affidavit against the assertions made by the State, the District Court denied the motion to dismiss, and concluded that Kvislen had

3

not sufficiently rebutted the presumption of regularity that attaches to prior convictions. The court cited, as evidence of the validity of the 1990 conviction, the Billings City Court docket sheet, as well as the State's claim that Kvislen had received notice of the 1990 trial during the arraignment in that case. The court sentenced Kvislen to thirteen months imprisonment followed by four years of probation and stayed the execution of Kvislen's sentence pending this appeal.

DISCUSSION

I

¶8 We first consider whether the District Court erred by denying Kvislen's motion to dismiss without holding an evidentiary hearing to determine whether his 1990 DUI conviction was obtained unconstitutionally. Kvislen argues that he presented to the District Court direct evidence that the 1990 conviction was unconstitutional, and that because the State failed to meet its burden of countering the evidence, the District Court erroneously determined that the conviction was obtained constitutionally. Kvislen maintains that the District Court should have held an evidentiary hearing to weigh Kvislen's testimony against any evidence the State might have provided showing that the 1990 conviction was constitutionally sound. Kvislen also asserts that because the 1990 conviction was invalid, the State lacked the requisite three prior DUI convictions to elevate the 2001 DUI offense to felony status. He concludes, therefore, that the 2001 conviction should be reversed and the case dismissed.

¶9 When we review a trial court's conclusions of law, the standard of review is plenary, and we must determine whether the court's conclusions are correct as a matter of law. *State*

4

*v. Rushton* (1994), 264 Mont. 248, 254-55, 870 P.2d 1355, 1359; *State v. Sage* (1992), 255 Mont. 227, 229, 841 P.2d 1142, 1143. When we review a trial court's findings of fact, the standard of review is whether those findings are clearly erroneous. *Daines v. Knight* (1995), 269 Mont. 320, 324, 888 P.2d 904, 906.

¶10   We observe, as we did in *State v. Jenni* (1997), 283 Mont. 21, 938 P.2d 1318, that (1) a rebuttable presumption of regularity attaches to prior convictions; (2) the presumption may be overcome by direct evidence of irregularity; and (3) once direct evidence of irregularity is offered by the defendant, the burden shifts to the State to prove, by direct evidence, that the prior conviction was not obtained in violation of the defendant's rights. *Jenni*, 283 Mont. at 25, 938 P.2d at 1320 (citing *State v. Okland* (1997), 283 Mont. 10, 18, 941 P.2d 431, 436).

¶11   Pursuant to this procedural framework, we note that Kvislen presented direct evidence in support of his claim that his constitutional rights were violated in a prior proceeding. Kvislen submitted an affidavit which stated that he did not receive notice of his trial and that he was not advised of his right to a court-appointed attorney in the event that he could not afford one. The affidavit is direct evidence of a constitutional infringement in the 1990 proceedings, and is sufficient to rebut the presumption of regularity and to shift the burden of proof to the State.

¶12   We further note that the State failed to meet this burden. The State countered Kvislen's motion, and his affidavit, by advising the District Court that the docket sheet contained a check

mark next to the phrase "Advise of Rights," indicating that Kvislen was, at least, advised of his rights. As we stated in *Jenni*, a record indicating "in *general* terms that [a defendant] was informed of the charges filed against him and of his rights, do[es] not delineate the specific rights of which the defendant was advised." 283 Mont. at 25, 938 P.2d at 1321. Applying this standard, we have held that "in determining whether the State has met its burden of proving the constitutional validity of a defendant's prior conviction, the defendant's signature on the advisement of rights form and the existence of an acknowledgment of waiver of rights form signed by the defendant are but factors to be considered in the totality of the circumstances." *State v. Brown*, 1999 MT 143, ¶ 20, 295 Mont. 5, ¶ 20, 982 P.2d 1030, ¶ 20. The docket sheet, here, does not establish that the District Court advised Kvislen of his right to an attorney, or that he waived that right. The State concedes these points in its brief, commenting that Kvislen's averments met the technical definition of direct evidence and shifted the burden of proof to the State, a burden which the State failed to meet. The State further contends that because it relied on insufficient evidence, the appropriate avenue for assessing Kvislen's claims was to hold an evidentiary hearing.

¶13 In light of the State's concessions, and based on the record, we conclude that: (1) Kvislen presented direct evidence that he was convicted without the assistance of counsel; (2) the burden shifted to the State to present direct evidence that Kvislen's prior convictions were not entered in violation of his right to

6

counsel; and (3) the State failed to meet its burden. The evidence before the District Court included Kvislen's affidavit and the docket sheet notation indicating that Kvislen was advised of his rights. Since the notation did not establish that Kvislen was specifically advised of his right to counsel, it cannot be said that the District Court was presented with any evidence that would warrant a denial of Kvislen's motion to dismiss. In light of the State's reliance on insufficient evidence to meet its burden of proving that the 1990 DUI conviction was not obtained in violation of Kvislen's rights, we conclude that the District Court erred when it denied Kvislen's motion to dismiss.

II

¶14 We next consider whether the case should be remanded to the District Court for an evidentiary hearing regarding Kvislen's claims or, conversely, whether Kvislen's felony conviction should be reversed and the case dismissed.

¶15 The State argues that the District Court erred by denying Kvislen's motion to dismiss without holding an evidentiary hearing, and that the case should, therefore, be remanded to the District Court for an evidentiary hearing at which the State intends to offer testimony from Judge Gayle Stewart that she advised Kvislen of his right to counsel during the 1990 proceedings. In support of this argument, the State contends that it is entitled to an opportunity to refute Kvislen's allegation that he was never advised of his right to court-appointed counsel during the 1990 proceedings. According to the State, Kvislen alleged a

7

constitutional infirmity but never actually proved that his 1990 conviction was invalid. The State concludes that only a hearing will enable the District Court to weigh Kvislen's affidavit against the testimony of Judge Stewart, and that Kvislen will not be prejudiced by a remand because the District Court stayed the execution of his sentence pending the outcome of this appeal.

¶16 We have, on at least one occasion, remanded a case for further consideration of evidence presented by the State in response to a defendant's collateral attack against a prior conviction. In *State v. Peterson*, 2002 MT 65, ¶ 19, 309 Mont. 199, ¶ 19, 44 P.3d 499, ¶ 19, we held that the State had presented inconsistent evidence regarding the defendant's waiver of his right to counsel. The State, in *Peterson*, attempted to defeat the defendant's motion to dismiss with testimony from the judge who had presided over the defendant's prior conviction. On appeal, we determined that this judge's testimony regarding his routine practice of informing defendants of their right to counsel was inconsistent. Because the trial court failed to address the inconsistency in its denial of the defendant's motion to dismiss, we remanded the case for a determination of whether the defendant had actually waived his right. *Peterson*, ¶ 19.

¶17 In the present case, the District Court's premature denial of Kvislen's motion to dismiss effectively denied the State an opportunity to prove by direct evidence that Kvislen's 1990 conviction was not obtained in violation of his rights. The State asserts now, as it did then, that if the presumption of regularity

8

is set aside, it is prepared to refute Kvislen's affidavit through additional evidence, namely the testimony of Judge Stewart.  The State indicated to the District Court that it could produce direct evidence of the constitutional validity of Kivslen's 1990 conviction if such evidence was requested.  This was an implied request for an evidentiary hearing, made conditional upon the District Court's determination that the burden had shifted to the State to defend the prior conviction.

¶18     The dissent contends, that in remanding for an evidentiary hearing, we have rewritten our prior decisions in *State v. Okland* and *State v. Jenni*.  Our decisions in *Jenni* and *Okland* are distinguishable from the present case in that the District Court in those cases correctly determined that the defendant had rebutted the presumption of regularity and that the burden then shifted to the State to prove that the convictions were not entered in violation of the defendant's constitutional rights.  *See Okland*, 283 Mont. at 20, 941 P.2d at 437; *Jenni*, 283 Mont. at 26, 938 P.2d at 1321.  In both cases, the court determined that the State failed to meet that burden and thus granted the defendant's motion to dismiss.  The State then appealed the orders of dismissal.  *See Okland*, 283 Mont. at 12, 941 P.2d at 432; *Jenni*, 283 Mont. 22, 938 P.2d at 1319.  Here, in contrast, the defendant is appealing from a denial of his motion to dismiss and a subsequent conviction.  Neither *Jenni* nor *Okland* involved a situation where, as here, due to the District Court's erroneous holding that the burden had not shifted to the State, there was no evidentiary hearing at which the State could present its direct testimony on the question of fact; that is, whether Kvislen waived his right to counsel.  In neither *Jenni* nor *Okland* was there an argument by the State that it was precluded from

9

presenting its evidence due to lack of an evidentiary hearing. There is nothing in the Rules of Criminal Procedure that requires the State, when opposing a motion to dismiss, to forego an evidentiary hearing and rely solely on affidavits or court records.

## CONCLUSION

¶19 In summary we hold that because Kvislen presented direct evidence rebutting the presumption of regularity, the District Court, instead of denying his motion to dismiss, should have shifted the burden to the State to prove that the conviction was not obtained in violation of Kvislen's constitutional rights. The State is entitled to present the testimony of Judge Steward in its attempt to establish that Kvislen's 1990 conviction was valid. Accordingly, we remand for a hearing consistent with this opinion.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ JIM RICE

Justice Terry N. Trieweiler concurring and dissenting.

¶20    I concur with the majority's conclusions that the Defendant, Michael Kvislen, presented direct evidence that his 1990 conviction for driving under the influence of alcohol was constitutionally infirm, that by doing so the burden shifted to the State of Montana to produce direct evidence that Kvislen's 1990 conviction was not entered in violation of his right to counsel and that because it did not do so, the District Court erred when it denied Kvislen's motion to dismiss. However, I dissent from the majority's conclusion that because the State failed to meet its burden the first time around, this case should be remanded to the District Court so that the State can be given a second opportunity to do so.

¶21    The majority Opinion ignores prior case law, it excuses the fact that no hearing was ever requested by the State in the District Court and gives rise to endless opportunities for parties to prove their cases once it has been determined as a matter of law that they have not initially done so.

¶22    The majority cites *State v. Peterson*, 2002 MT 65, ¶ 19, 309 Mont. 199, ¶ 19, 44 P.3d 499, ¶ 19, as precedent for further consideration of evidence presented by the State in response to a collateral attack against a prior conviction. However, the distinction is that in *Peterson*, we remanded for further consideration of contradictory evidence that had been presented but not resolved by the finder of fact. In this case, the majority has chosen to remand for evidence that has never been presented even though the State had a prior opportunity to do so. That's a big difference.

11

¶23 Buying into the State's meritless argument and Justice Rice's proposed dissent to the majority's originally proposed opinion, the current majority Opinion states in ¶ 17 that the District Court "effectively denied the State an opportunity to prove by direct evidence that Kvislen's 1990 conviction was not obtained in violation of his rights." Nothing could be more incorrect. However, based on that erroneous premise, the majority concludes that because the District Court erred, the burden never shifted to the State to produce any evidence. In doing so, the majority has completely rewritten prior decisions in *State v. Okland* (1997), 283 Mont. 10, 941 P.2d 431, and *State v. Jenni* (1997), 283 Mont. 21, 938 P.2d 1318. Based on those decisions and the nearly identical facts in this case, the State's burden in response to Kvislen's motion to dismiss and supporting affidavit was abundantly clear. As a result of this decision, the procedure for resolving motions of this type is now completely obscured.

¶24 In *Okland*, we held that an affidavit in support of a motion to dismiss felony DUI charges which established that at the time of a prior conviction, the defendant 1) could not afford to hire an attorney; 2) was not provided a court-appointed attorney; 3) was convicted without the assistance of counsel; and 4) was actually imprisoned for his uncounseled conviction, was direct evidence of the constitutional infirmity of the prior conviction. *See Okland*, 283 Mont. at 19, 941 P.2d at 437. That's the same evidence produced by Kvislen in support of his motion to dismiss.

¶25 Next, in *Okland*, we held that once a defendant has made such a showing, "the burden then shifts to the State to produce direct evidence and prove by a preponderance of the

12

evidence that the prior conviction was not entered in violation of the defendant's rights."

*Okland*, 283 Mont. at 18, 941 P.2d at 436. Here, even though the burden clearly shifted to the State to prove that Kvislen's previous rights had not been violated, it offered no evidence. The county attorney simply submitted a brief which included his own inadmissible representations, in which he argued that Kvislen had not successfully rebutted the presumption of regularity, even though he clearly had, and stated that if the District Court felt otherwise, the State was "able to produce direct evidence that the prior conviction was not entered in violation of defendant's rights." In addition, the State offered a city court record indicating, without explanation, that "advise of rights" had been checked. At the time the document was submitted, however, we had clearly said four years earlier in *Jenni* that these types of records ". . . do *not* affirmatively establish that Jenni was advised of his constitutional right to an attorney or that he knowingly and intelligently waived that right." *Jenni*, 283 Mont. at 25-26, 938 P.2d at 1321. We held that evidence of general advice of rights was insufficient to refute direct evidence that a defendant had not previously been advised of his right to counsel. There was no excuse for the county attorney to think that the same type of evidence was adequate in this case to rebut Kvislen's direct evidence.

¶26     In the State's response to Kvislen's motion to dismiss, the county attorney alleged that ". . . the state can produce direct evidence demonstrating that defendant's 1990 conviction is not infirm." However, it did not do so. It was not prevented from doing so. And, it did not request an opportunity to do so by way of an evidentiary hearing.[1] The State clearly did not

---

[1] In another example of this Court's recent result-oriented approach to criminal law,

satisfy the burden clearly established by our decisions in *Okland* and *Jenni* and the District Court should have, as the district courts did in those two cases, granted Kvislen's motion to dismiss. This Court has erred by not simply reversing the District Court's mistake and ordering that Kvislen's motion be granted.

¶27 In its conclusion, the majority states that once Kvislen rebutted the presumption of regularity, "[t]he District Court . . . should have shifted the burden to the State." Here the majority demonstrates a complete misunderstanding of procedural law. Courts do not create or "shift" the burden of proof–the law does! The law did so in this case just as plainly as it did in *Jenni* and *Okland*, notwithstanding the majority's tap dance around those cases.

¶28 The majority's decision does create a lot of new opportunities for unsuccessful litigants. For example, in response to motions for judgment as a matter of law following submission of the State's evidence, the State should now have an opportunity to reopen its case in the event the Court concludes that its case has not been proven. In the civil context, if a party moves for summary judgment and supports its motion by affidavit or direct evidence

---

the majority concludes that by indicating that it "could produce direct evidence," there "[w]as an implied request for an evidentiary hearing made conditional upon the District Court's determination that the burden had shifted to the State to defend the prior conviction." This "implied request" is, of course, created out of whole cloth to achieve the desired result, as is defense counsel's new and greater responsibilities which were created in *State v. Hoffman*, 2003 MT 26, ___ Mont. ___, ___ P.3d ___.

that it is entitled to judgment as a matter of law, and the opposing party produces no contradictory evidence but its attorney simply makes conclusory arguments to the contrary, we should no longer decide the issue on appeal based on the record presented. Those cases should in the future all be remanded to the district court to give the unsuccessful litigant another opportunity to produce contradictory evidence.

¶29 Contrary to the majority's conclusion, the District Court's premature denial of Kvislen's motion did not deny the State an opportunity to prove by direct evidence that Kvislen's 1990 conviction was not obtained in violation of his rights. The State simply chose not to offer the evidence it was required to offer pursuant to our prior decisions and the District Court mistakenly excused its omission. Allowing the State repeated opportunities to satisfy its burden is sloppy practice and bad policy. The District Court should simply be reversed. I dissent from the majority's refusal to do so.

/S/ TERRY N. TRIEWEILER