JUSTICE TRIEWEILER
concurring and dissenting.
¶20 I concur with the majority’s conclusions that the Defendant, Michael Kvislen, presented direct evidence that his 1990 conviction for driving under the influence of alcohol was constitutionally infirm, that by doing so the burden shifted to the State of Montana to produce direct evidence that Kvislen’s 1990 conviction was not entered in violation of his right to counsel and that because it did not do so, the District Court erred when it denied Kvislen’s motion to dismiss. However, I dissent from the majority’s conclusion that because the State failed to meet its burden the first time around, this case should be remanded to the District Court so that the State can be given a second opportunity to do so.
¶21 The majority Opinion ignores prior case law, it excuses the fact that no hearing was ever requested by the State in the District Court and gives rise to endless opportunities for parties to prove their cases once it has been determined as a matter of law that they have not initially done so.
¶22 The majority cites State v. Peterson, 2002 MT 65, ¶ 19, 309 Mont. 199, ¶ 19, 44 P.3d 499, ¶ 19, as precedent for further consideration of evidence presented by the State in response to a collateral attack *183 against a prior conviction. However, the distinction is that in Peterson, we remanded for further consideration of contradictory evidence that had been presented but not resolved by the finder of fact. In this case, the majority has chosen to remand for evidence that has never been presented even though the State had a prior opportunity to do so. That’s a big difference.
¶23 Buying into the State’s meritless argument and Justice Rice’s proposed dissent to the majority’s originally proposed opinion, the current majority Opinion states in ¶ 17 that the District Court “effectively denied the State an opportunity to prove by direct evidence that Kvislen’s 1990 conviction was not obtained in violation of his rights.” Nothing could be more incorrect. However, based on that erroneous premise, the majority concludes that because the District Court erred, the burden never shifted to the State to produce any evidence. In doing so, the majority has completely rewritten prior decisions in State v. Okland (1997), 283 Mont. 10, 941 P.2d 431, and State v. Jenni (1997), 283 Mont. 21, 938 P.2d 1318. Based on those decisions and the nearly identical facts in this case, the State’s burden in response to Kvislen’s motion to dismiss and supporting affidavit was abundantly clear. As a result of this decision, the procedure for resolving motions of this type is now completely obscured.
¶24 In Okland, we held that an affidavit in support of a motion to dismiss felony DUI charges which established that at the time of a prior conviction, the defendant 1) could not afford to hire an attorney; 2) was not provided a court-appointed attorney; 3) was convicted without the assistance of counsel; and 4) was actually imprisoned for his uncounseled conviction, was direct evidence of the constitutional infirmity of the prior conviction. See Okland, 283 Mont. at 19, 941 P.2d at 437. That’s the same evidence produced by Kvislen in support of his motion to dismiss.
¶25 Next, in Okland, we held that once a defendant has made such a showing, “the burden then shifts to the State to produce direct evidence and prove by a preponderance of the evidence that the prior conviction was not entered in violation of the defendant’s rights.” Okland, 283 Mont. at 18, 941 P.2d at 436. Here, even though the burden clearly shifted to the State to prove that Kvislen’s previous rights had not been violated, it offered no evidence. The county attorney simply submitted a brief which included his own inadmissible representations, in which he argued that Kvislen had not successfully rebutted the presumption of regularity, even though he clearly had, and stated that if the District Court felt otherwise, the State was “able to produce direct evidence that the prior conviction was not entered in *184 violation of defendant’s rights.” In addition, the State offered a city court record indicating, without explanation, that “advise of rights” had been checked. At the time the document was submitted, however, we had clearly said four years earlier in Jenni that these types of records "... do not affirmatively establish that Jenni was advised of his constitutional right to an attorney or that he knowingly and intelligently waived that right.” Jenni, 283 Mont. at 25-26, 938 P.2d at 1321. We held that evidence of general advice of rights was insufficient to refute direct evidence that a defendant had not previously been advised of his right to counsel. There was no excuse for the county attorney to think that the same type of evidence was adequate in this case to rebut Kvislen’s direct evidence.
¶26 In the State’s response to Kvislen’s motion to dismiss, the county attorney alleged that "... the state can produce direct evidence demonstrating that defendant’s 1990 conviction is not infirm.” However, it did not do so. It was not prevented from doing so. And, it did not request an opportunity to do so by way of an evidentiary hearing.[1] The State clearly did not satisfy the burden clearly established by our decisions in Okland and Jenni and the District Court should have, as the district courts did in those two cases, granted Kvislen’s motion to dismiss. This Court has erred by not simply reversing the District Court’s mistake and ordering that Kvislen’s motion be granted.
¶27 In its conclusion, the majority states that once Kvislen rebutted the presumption of regularity, “[t]he District Court ... should have shifted the burden to the State.” Here the majority demonstrates a complete misunderstanding of procedural law. Courts do not create or “shift” the burden of proof-the law does! The law did so in this case just as plainly as it did in Jenni and Okland, notwithstanding the majority’s tap dance around those cases.
¶28 The majority’s decision does create a lot of new opportunities for unsuccessful litigants. For example, in response to motions for judgment as a matter of law following submission of the State’s evidence, the State should now have an opportunity to reopen its case in the event the Court concludes that its case has not been proven. In *185 the civil context, if a party moves for summary judgment and supports its motion by affidavit or direct evidence that it is entitled to judgment as a matter of law, and the opposing party produces no contradictory evidence but its attorney simply makes conclusory arguments to the contrary, we should no longer decide the issue on appeal based on the record presented. Those cases should in the future all be remanded to the district court to give the unsuccessful litigant another opportunity to produce contradictory evidence.
¶29 Contrary to the majority’s conclusion, the District Court’s premature denial of Kvislen’s motion did not deny the State an opportunity to prove by direct evidence that Kvislen’s 1990 conviction was not obtained in violation of his rights. The State simply chose not to offer the evidence it was required to offer pursuant to our prior decisions and the District Court mistakenly excused its omission. Allowing the State repeated opportunities to satisfy its burden is sloppy practice and bad policy. The District Court should simply be reversed. I dissent from the majority’s refusal to do so.

 In another example of this Court’s recent result-oriented approach to criminal law, the majority concludes that by indicating that it “could produce direct evidence,” there “[w]as an implied request for an evidentiary hearing made conditional upon the District Court’s determination that the burden had shifted to the State to defend the prior conviction.” This “implied request” is, of course, created out of whole cloth to achieve the desired result, as is defense counsel’s new and greater responsibilities which were created in State v. Hoffman, 2003 MT 26, 314 Mont. 155, 64 P.3d 1013.