JUSTICE LEAPHART
delivered the Opinion of the Court.
¶1 Michael Kvislen (Kvislen) appeals from his conviction in the Thirteenth Judicial District Court for felony DUI. We reverse.
¶2 The following issues are raised on appeal:
¶3 (1) Whether the District Court erred by denying Kvislen’s motion to dismiss without holding an evidentiary hearing concerning Kvislen’s claim that one of his prior convictions was obtained unconstitutionally; and
¶4 (2) Whether this case should be remanded to the District Court for an evidentiary hearing regarding Kvislen’s claim or, conversely, whether Kvislen’s felony conviction should be reversed and the case dismissed.
FACTUAL AND PROCEDURAL BACKGROUND
¶5 On February 6, 2001, Kvislen was charged with Felony Driving While Under the Influence of Alcohol and/or Drugs. Pursuant to §§ 61-8-714(4) and 61-8-722(4), MCA, the information charged the offense as a felony because Kvislen had been convicted of DUI on three other occasions in 1990,1998, and 2000. Prior to trial in Yellowstone County, Kvislen filed a motion to dismiss the information on grounds that the 1990 DUI conviction in the Billings City Court was entered in derogation of his constitutional rights and could not be used to elevate the 2001 charge to a felony. Kvislen submitted an affidavit in which he averred that he never received notice of his 1990 trial, and that he was not informed of his right to court-appointed counsel during those proceedings. The affidavit provides as follows:
I, Michael Kvislen, being first duly sworn, upon oath, depose and say:
3. In 1989, I was charged in Billings City Court with Driving Under the Influence of Alcohol... and was convicted after a trial in absentia. I did not receive notice of that trial.
4. ... I could not afford an attorney and I was not advised of my right to a court-appointed attorney.
*178 5.1 did not waive my right to a court-appointed attorney.
6.1 was convicted without the assistance of an attorney.
7.1 was incarcerated as a result of the conviction that I received without an attorney.
¶6 The State opposed Kvislen’s motion to dismiss, and argued that Kvislen’s affidavit lacked sufficient detail to rebut the presumption of regularity associated with the 1990 conviction. As an indication that Kvislen was advised of his rights, the State provided the District Court with the City Court docket sheet, which contained a check mark next to the phrase “Advise of Rights.” The State also noted, in its Brief in Response to Defendant’s Motion to Dismiss, that former Billings City Court Judge, Gayle Stewart, who presided over the 1990 proceedings against Kvislen, would testify that she routinely advised all defendants of their constitutional rights. In response to Kvislen’s second claim that he was never notified of the 1990 trial, the State observed that during the arraignment in that case, Kvislen received a notice that the trial was set for April 16, 1990.
¶7 Without conducting an evidentiary hearing to weigh Kvislen’s affidavit against the assertions made by the State, the District Court denied the motion to dismiss, and concluded that Kvislen had not sufficiently rebutted the presumption of regularity that attaches to prior convictions. The court cited, as evidence of the validity of the 1990 conviction, the Billings City Court docket sheet, as well as the State’s claim that Kvislen had received notice of the 1990 trial during the arraignment in that case. The court sentenced Kvislen to thirteen months imprisonment followed by four years of probation and stayed the execution of Kvislen’s sentence pending this appeal.
DISCUSSION
I
¶8 We first consider whether the District Court erred by denying Kvislen’s motion to dismiss without holding an evidentiary hearing to determine whether his 1990 DUI conviction was obtained unconstitutionally. Kvislen argues that he presented to the District Court direct evidence that the 1990 conviction was unconstitutional, and that because the State failed to meet its burden of countering the evidence, the District Court erroneously determined that the conviction was obtained constitutionally. Kvislen maintains that the District Court should have held an evidentiary hearing to weigh Kvislen’s testimony against any evidence the State might have provided showing that the 1990 conviction was constitutionally sound. Kvislen also asserts that because the 1990 conviction was invalid, the *179 State lacked the requisite three prior DUI convictions to elevate the 2001 DUI offense to felony status. He concludes, therefore, that the 2001 conviction should be reversed and the case dismissed.
¶9 When we review a trial court’s conclusions of law, the standard of review is plenary, and we must determine whether the court’s conclusions are correct as a matter of law. State v. Rushton (1994), 264 Mont. 248, 254-55, 870 P.2d 1355, 1359; State v. Sage (1992), 255 Mont. 227, 229, 841 P.2d 1142, 1143. When we review a trial court’s findings of fact, the standard of review is whether those findings are clearly erroneous. Daines v. Knight (1995), 269 Mont. 320, 324, 888 P.2d 904, 906.
¶10 We observe, as we did in State v. Jenni (1997), 283 Mont. 21, 938 P.2d 1318, that (1) a rebuttable presumption of regularity attaches to prior convictions; (2) the presumption may be overcome by direct evidence of irregularity; and (3) once direct evidence of irregularity is offered by the defendant, the burden shifts to the State to prove, by direct evidence, that the prior conviction was not obtained in violation of the defendant’s rights. Jenni, 283 Mont. at 25, 938 P.2d at 1320 (citing State v. Okland (1997), 283 Mont. 10, 18, 941 P.2d 431, 436).
¶11 Pursuant to this procedural framework, we note that Kvislen presented direct evidence in support of his claim that his constitutional rights were violated in a prior proceeding. Kvislen submitted an affidavit which stated that he did not receive notice of his trial and that he was not advised of his right to a court-appointed attorney in the event that he could not afford one. The affidavit is direct evidence of a constitutional infringement in the 1990 proceedings, and is sufficient to rebut the presumption of regularity and to shift the burden of proof to the State.
¶12 We further note that the State failed to meet this burden. The State countered Kvislen’s motion, and his affidavit, by advising the District Court that the docket sheet contained a check mark next to the phrase “Advise of Rights,” indicating that Kvislen was, at least, advised of his rights. As we stated in Jenni, a record indicating “in general terms that [a defendant] was informed of the charges filed against him and of his rights, do[es] not delineate the specific rights of which the defendant was advised.” 283 Mont. at 25, 938 P.2d at 1321. Applying this standard, we have held that “in determining whether the State has met its burden of proving the constitutional validity of a defendant’s prior conviction, the defendant’s signature on the advisement of rights form and the existence of an acknowledgment of waiver of rights form signed by the defendant are but factors to be considered in the totality of the circumstances.” State v. Brown, 1999 *180 MT 143, ¶ 20, 295 Mont. 5, ¶ 20, 982 P.2d 1030, ¶ 20. The docket sheet, here, does not establish that the District Court advised Kvislen of his right to an attorney, or that he waived that right. The State concedes these points in its brief, commenting that Kvislen’s averments met the technical definition of direct evidence and shifted the burden of proof to the State, a burden which the State failed to meet. The State further contends that because it relied on insufficient evidence, the appropriate avenue for assessing Kvislen’s claims was to hold an evidentiary hearing.
¶13 In light of the State’s concessions, and based on the record, we conclude that: (1) Kvislen presented direct evidence that he was convicted without the assistance of counsel; (2) the burden shifted to the State to present direct evidence that Kvislen’s prior convictions were not entered in violation of his right to counsel; and (3) the State failed to meet its burden. The evidence before the District Court included Kvislen’s affidavit and the docket sheet notation indicating that Kvislen was advised of his rights. Since the notation did not establish that Kvislen was specifically advised of his right to counsel, it cannot be said that the District Court was presented with any evidence that would warrant a denial of Kvislen’s motion to dismiss. In light of the State’s reliance on insufficient evidence to meet its burden of proving that the 1990 DUI conviction was not obtained in violation of Kvislen’s rights, we conclude that the District Court erred when it denied Kvislen’s motion to dismiss.
II
¶14 We next consider whether the case should be remanded to the District Court for an evidentiary hearing regarding Kvislen’s claims or, conversely, whether Kvislen’s felony conviction should be reversed and the case dismissed.
¶15 The State argues that the District Court erred by denying Kvislen’s motion to dismiss without holding an evidentiary hearing, and that the case should, therefore, be remanded to the District Court for an evidentiary hearing at which the State intends to offer testimony from Judge Gayle Stewart that she advised Kvislen of his right to counsel during the 1990 proceedings. In support of this argument, the State contends that it is entitled to an opportunity to refute Kvislen’s allegation that he was never advised of his right to court-appointed counsel during the 1990 proceedings. According to the State, Kvislen alleged a constitutional infirmity but never actually proved that his 1990 conviction was invalid. The State concludes that only a hearing will enable the District Court to weigh Kvislen’s *181 affidavit against the testimony of Judge Stewart, and that Kvislen will not be prejudiced by a remand because the District Court stayed the execution of his sentence pending the outcome of this appeal.
¶16 We have, on at least one occasion, remanded a case for further consideration of evidence presented by the State in response to a defendant’s collateral attack against a prior conviction. In State v. Peterson, 2002 MT 65, ¶ 19, 309 Mont. 199, ¶ 19, 44 P.3d 499, ¶ 19, we held that the State had presented inconsistent evidence regarding the defendant’s waiver of his right to counsel. The State, in Peterson, attempted to defeat the defendant’s motion to dismiss with testimony from the judge who had presided over the defendant’s prior conviction. On appeal, we determined that this judge’s testimony regarding his routine practice of informing defendants of their right to counsel was inconsistent. Because the trial court failed to address the inconsistency in its denial of the defendant’s motion to dismiss, we remanded the case for a determination of whether the defendant had actually waived his right. Peterson, ¶ 19.
¶17 In the present case, the District Court’s premature denial of Kvislen’s motion to dismiss effectively denied the State an opportunity to prove by direct evidence that Kvislen’s 1990 conviction was not obtained in violation of his rights. The State asserts now, as it did then, that if the presumption of regularity is set aside, it is prepared to refute Kvislen’s affidavit through additional evidence, namely the testimony of Judge Stewart. The State indicated to the District Court that it could produce direct evidence of the constitutional validity of Kivslen’s 1990 conviction if such evidence was requested. This was an implied request for an evidentiary hearing, made conditional upon the District Court’s determination that the burden had shifted to the State to defend the prior conviction.
¶18 The dissent contends, that in remanding for an evidentiary hearing, we have rewritten our prior decisions in State v. Okland and State v. Jenni. Our decisions in Jenni and Okland are distinguishable from the present case in that the District Court in those cases correctly determined that the defendant had rebutted the presumption of regularity and that the burden then shifted to the State to prove that the convictions were not entered in violation of the defendant’s constitutional rights. See Okland, 283 Mont. at 20, 941 P.2d at 437; Jenni, 283 Mont. at 26, 938 P.2d at 1321. In both cases, the court determined that the State failed to meet that burden and thus granted the defendant’s motion to dismiss. The State then appealed the orders of dismissal. See Okland, 283 Mont. at 12, 941 P.2d at 432; Jenni, 283 Mont. 22, 938 P.2d at 1319. Here, in contrast, the defendant is *182 appealing from a denial of his motion to dismiss and a subsequent conviction. Neither Jenni nor Okland involved a situation where, as here, due to the District Court’s erroneous holding that the burden had not shifted to the State, there was no evidentiary hearing at which the State could present its direct testimony on the question of fact; that is, whether Kvislen waived his right to counsel. In neither Jenni nor Okland was there an argument by the State that it was precluded from presenting its evidence due to lack of an evidentiary hearing. There is nothing in the Rules of Criminal Procedure that requires the State, when opposing a motion to dismiss, to forego an evidentiary hearing and rely solely on affidavits or court records.
CONCLUSION
¶19 In summary we hold that because Kvislen presented direct evidence rebutting the presumption of regularity, the District Court, instead of denying his motion to dismiss, should have shifted the burden to the State to prove that the conviction was not obtained in violation of Kvislen’s constitutional rights. The State is entitled to present the testimony of Judge Steward in its attempt to establish that Kvislen’s 1990 conviction was valid. Accordingly, we remand for a hearing consistent with this opinion.
CHIEF JUSTICE GRAY, JUSTICES NELSON and RICE concur.