No. 05-400

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 242N

CITY OF MISSOULA,

      Plaintiff and Respondent,

  v.

KRISTINE DAVENPORT,

      Defendant and Appellant.

APPEAL FROM:    The District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DC 2004-515,
Honorable Douglas G. Harkin, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          William A. Douglas, Douglas Law Firm, Libby, Montana

      For Respondent:

          Judith L. Wang, Assistant City Attorney, Missoula County
Attorney's Office, Missoula, Montana

Submitted on Briefs: March 22, 2006

Decided:   September 26, 2006

Filed:

_____
Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section 1, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. Its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 In April 1996, Kristine Davenport (Davenport) received a citation for attempted misdemeanor theft after leaving a Missoula grocery store with merchandise for which she did not pay. The following day, she entered a plea of not guilty. However, in August 1997, Davenport, through appointed counsel, entered an *Alford*[1] plea. In October 1997, she paid the prescribed fine and surcharge. In 2004, Davenport moved the Missoula Municipal Court to set aside her 1997 theft conviction. The Municipal Court denied her motion. She appealed the denial to the Fourth Judicial District Court for Missoula County. The District Court affirmed the Municipal Court. Davenport appeals the District Court's denial. We affirm.

## ISSUE

¶3 Davenport raises numerous procedural issues on appeal, but the dispositive issue before us is whether the District Court was legally correct in affirming the Municipal Court's denial of her motion to set aside her conviction.

## STANDARD OF REVIEW

---

[1] *North Carolina v. Alford*, 400 U.S. 25 (1970).

¶4 When a defendant appeals a district court's denial of a motion to withdraw a guilty plea, we review the trial court's findings of fact to determine if they are clearly erroneous, and conclusions of law to determine if they are correct. *State v. Leitheiser*, 2006 MT 70, ¶ 12, 331 Mont. 464, ¶ 12, 133 P.3d 185, ¶ 12.

## FACTUAL AND PROCEDURAL BACKGROUND

¶5 On April 11, 1996, Davenport received a citation for attempted misdemeanor theft after leaving a Missoula grocery store with $81.12 worth of merchandise for which she did not pay. The following day she appeared in Missoula Municipal Court and entered a plea of not guilty and requested a jury trial. Attorney Morgan Modine was appointed to represent her. In August 1997, Davenport entered an *Alford* plea, through her counsel. On or about October 7, 1997, she paid $270.00 in fines and surcharges.

¶6 This sparse background information is documented in the record but no further record of the original proceeding is available. According to the Missoula Attorney's Office, due to limited storage space, the hard copy of the City's file, including correspondence between counsel, motions to continue, plea bargain negotiations and Davenport's consent to enter a plea, were all purged from the City's files before August 30, 2004.

¶7 On August 30, 2004, approximately seven years after the entry of her *Alford* plea, Davenport, with news counsel, filed a motion to set aside the 1997 conviction. It does not appear that she requested an evidentiary hearing or sought to obtain Modine's file. She raised numerous procedural issues before the Municipal Court; however, the court denied her motion to set aside her conviction on the grounds that "[t]he payment of the

fine is a clear indication despite her affidavit to the contrary that she was aware of the entry of the *Alford* plea." The Municipal Court also stated that there was no reason to grant Davenport's requested relief "more than five years after she paid the fine."

¶8 Davenport subsequently appealed the Municipal Court's ruling to the Fourth Judicial District Court for Missoula County. The District Court affirmed the Municipal Court. Acknowledging the absence of the underlying record, the court relied on the sparse existing record showing entry of an *Alford* plea, exact payment of the fine and surcharge, and sentencing conditions. It noted that while Davenport acknowledged payment of money to the Municipal Court in 1997, she denied it was for her fine and surcharge; however, she provided no reasonable explanation for such payment. The court concluded, therefore, that it was not error for the Municipal Court to determine that her payment of the exact amount of the fine constituted knowledge of the *Alford* plea and the sentencing conditions.

¶9 The District Court also posited that were it to interpret Davenport's motion to set aside her conviction as a request for withdrawal of a guilty plea, the seven-year lapse of time between the *Alford* plea and Davenport's motion "weighs heavily against" her. The court, relying on *State v. Enoch*, 269 Mont. 8, 887 P.2d 175 (1994), determined that Davenport's request was not made within a reasonable time.

**DISCUSSION**

¶10 *Was the District Court legally correct in affirming the Municipal Court's denial of Davenport's motion to set aside her conviction?*

4

¶11    It appears that both the Municipal Court and the District Court analyzed and decided this case on two grounds: 1) a presumption of regularity, and 2) timeliness. In a brief submitted to the Municipal Court, the City of Missoula advised the court that it was Judge Louden's (the original presiding judge) standard practice to fully inform defendants of their constitutional rights, the available plea alternatives and the consequences of those alternatives. The Municipal Court was also informed that Attorney Modine, a long-time criminal defense attorney, always carefully informed his clients of their constitutional rights and the consequences of entering a guilty plea, and that he required his clients to sign a consent form before changing a plea.

¶12    Based on this information, the few remaining documents from the arrest and plea entry, and the undisputed payment of the fine and surcharge, the Municipal Court presumed the regularity of the proceeding and concluded that Davenport was informed and aware of her actions at the time. It also concluded that given more than five years had lapsed between the entry of the *Alford* plea and the motion to set aside her conviction, there was no reason to grant Davenport's request. The District Court agreed with the analysis of the Municipal Court.

¶13    First, we note that Montana law does not offer a provision that allows a court to vacate a conviction simply upon the motion of a defendant. *State v. Howard*, 282 Mont. 522, 524, 938 P.2d 710, 711 (1997). As a result, both the Municipal Court and the District Court based their analyses on their construction of her motion as one seeking to withdraw a guilty plea. Under *Howard*, this was not an erroneous approach to

5

Davenport's motion. Moreover, under *Enoch*, the District Court correctly considered the specific circumstances of this case and determined that the motion was untimely.

¶14 Second, the courts correctly recognized that a rebuttable presumption of regularity attaches to prior convictions. In the case before us, Davenport failed to present any direct evidence of irregularity that would overcome the presumption. *State v. Kvislen*, 2003 MT 27, 314 Mont. 176, 64 P.3d 1006. Based upon the record and the proceedings herein described, we conclude the District Court did not err in affirming the Municipal Court.

¶15 We have decided this case pursuant to Section 1, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the face of the briefs and the record that the appeal is without merit.

¶16 For the foregoing reasons, we affirm the judgment of the District Court.

/S/ PATRICIA COTTER

We Concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE