DA 06-0366

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 86

STATE OF MONTANA,

        Plaintiff and Appellee,

  v.

WESLEY ALLAN WEAVER,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DC-2005-160
Honorable John S. Henson, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        Brian C. Smith, Office of the State Public Defender, Missoula, Montana

        For Appellee:

        Hon. Mike McGrath, Montana Attorney General, John Paulson, Assistant
Attorney General, Helena, Montana

        Fred R. Van Valkenburg, Missoula County Attorney, Jennifer Clark,
Deputy County Attorney, Missoula, Montana

Submitted on Briefs:  May 16, 2007

Decided:  March 12, 2008

Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1     Wesley Allan Weaver appeals from the order of the District Court for the Fourth Judicial District, Missoula County, denying his motion to dismiss.  We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2     The State charged Weaver by information on April 21, 2005, with Count I, operating a motor vehicle while under the influence of alcohol or drugs ("DUI"), fourth or subsequent offense, a felony, in violation of §§ 61-8-401 and -731, MCA, and Count II, unauthorized use of a motor vehicle, a misdemeanor, in violation of § 45-6-308, MCA.  The facts underlying these offenses occurred on or about April 7, 2005.  In support of the felony DUI charge, the State alleged that Weaver had been convicted of DUI on four prior occasions:  August 5, 1994, in Juab County Justice Court, Nephi, Utah; November 20, 1996, in Missoula County Justice Court; June 18, 1997, in Missoula County District Court; and July 15, 1998, in Missoula County Justice Court.

¶3     Weaver pleaded not guilty to both counts and thereafter filed a motion to dismiss the DUI charge.  He asserted that two of his alleged prior DUI convictions—specifically, the 1994 and 1996 convictions—were invalid and could not be used as the basis for a charge of felony DUI (i.e., fourth or subsequent offense) in this case.  (He did not dispute the 1997 or 1998 convictions.)  In responding to Weaver's motion, the State elected not to verify the validity of the 1994 conviction, instead taking the position that the evidence of the 1996, 1997, and 1998 convictions was sufficient to charge Weaver with felony DUI "regardless of whether the most recent charge constitutes a fourth or fifth offense." The District Court ultimately ruled in Weaver's favor on the 1994 conviction, and the

2

State has not challenged this ruling. Accordingly, only the 1996 conviction is at issue here.

¶4  In his briefs in support of his motion to dismiss, Weaver observed that he was charged with DUI, first offense, on April 19, 1996, and was tried on this charge on November 20, 1996, in absentia.[1] Weaver pointed out that under § 46-16-122(2), MCA (1995), a court could try a defendant in absentia on a misdemeanor charge only after finding that the defendant had knowledge of the trial date and was voluntarily absent. Weaver asserted that there was no such finding in the record and that he in fact did not have knowledge of the trial date and was not voluntarily absent. In addition, Weaver asserted that he had a constitutional right to be present at all criminal court proceedings and that any waiver of this right had to be knowing, voluntary, and specific. On these grounds, Weaver maintained that the 1996 conviction was constitutionally infirm.

¶5  In response to Weaver's arguments, the State produced Missoula County Justice Court records, which indicated that Weaver failed to appear in court on the scheduled trial date but that he was represented by a public defender at the time and his counsel appeared on that date, at which time the trial was held in Weaver's absence. The State asserted that Weaver, by and through his counsel, had requested continuances of two

---

[1] According to the Missoula County Justice Court's minutes, the State called one witness and the defense called no witnesses. The State's witness, an officer with the Missoula County Sheriff's Office, testified that he stopped Weaver for various traffic infractions; that he smelled the odor of an alcoholic beverage and noticed that Weaver's speech was slurred; and that he placed Weaver under arrest for DUI following the administration of an HGN test. The court indicated that it viewed a videotape, admitted as an exhibit, of Weaver failing both the "walk and turn" maneuver and the one-leg stand at the Missoula police station following his arrest.

3

earlier trial settings; that notice of the November 20, 1996 trial date had been given to the Public Defender's Office; and that the court had ordered Weaver to maintain contact with his counsel. Thus, the State concluded, Weaver either had sufficient notice of the trial date or was unaware of the trial date because he failed to follow the court's order to maintain contact with counsel. Either way, the State argued, Weaver "waived his right to be present at trial." In this regard, the State quoted the following language from *Brewer v. Raines*, 670 F.2d 117 (9th Cir. 1982): "Brewer's failure to know of the continued dates of his trial and his date of sentencing is directly attributable to his failure to keep in contact with the court and his attorney. A defendant cannot be allowed to keep himself deliberately ignorant and then complain about his lack of knowledge." *Brewer*, 670 F.2d at 119. Based on the 1997 and 1998 convictions, which Weaver did not challenge, and on the records it had produced supporting the 1996 conviction, the State contended that the charge of DUI, fourth or subsequent offense, is correct in this case.

¶6     The District Court held a hearing on Weaver's motion on October 4, 2005, at which time Weaver testified on his own behalf. The State cross-examined Weaver but did not call any witnesses. Thereafter, on November 9, 2005, the court entered its order denying Weaver's motion. With respect to the 1996 conviction, the court stated as follows:

> The record indicates that the Defendant was arrested on April 19, 1996, and was required to appear on or before April 22, 1996. The back of the citation indicates that on April 22, Weaver appeared, a "not guilty" plea was entered, and the Public Defender's office was appointed to represent the Defendant. An omnibus form dated May 30, 1996, indicates that a bench trial was set for July 18, 1996.

4

On July 8, 1996, Weaver's appointed counsel, Margaret Borg, moved to vacate and continue the trial date due to a conflict. The court thereafter noticed up the trial for August 30, 1996. On the date scheduled for trial, Ms. Borg again moved to continue trial "for the reason that Defendant is experiencing health problems." On September 4th, the court noticed the new trial date for November 20th.

The docket minutes indicate that the court advised Mr. Weaver at his April 22 appearance that he had been appointed Ms. Borg, and that he was to stay in contact. It reiterates this in the condition # 4 where it states that Weaver is to stay in biweekly contact with his attorney. It is clear that Weaver did stay in contact sufficiently to have Ms. Borg request a later trial date due to injuries Weaver had suffered. At hearing, Weaver surmised that the injury might have been a burnt hand while employed at Stone Container.

It was the duty, as clearly propounded by the lower court, for Mr. Weaver to remain in contact with his attorney. He knew who his appointed attorney was, as shown by the final motion to continue. Mr. Weaver indicated that he began shuttling between residences in October of that year. That did not relieve him of his obligation to remain in contact with his counsel or the court. When Mr. Weaver failed to appear, the court, based upon the clear indications that he had been previously in contact with his lawyer, determined that Mr. Weaver knew of the date and was willfully absent. Nothing presented by the Defendant causes this Court to dispute that determination.

On this basis, the District Court concluded that "the November 20, 1996 conviction is determined valid, and may therefore be used as a prior conviction for purposes of enhancement in this action."

¶7 Weaver and the State thereafter entered into a plea agreement, wherein Weaver agreed to plead guilty on Count I and the State, in return, agreed to dismiss Count II and to recommend a specific sentence on Count I. Weaver specifically reserved his right to appeal the District Court's ruling on the 1996 conviction. The court accepted the plea agreement and sentenced Weaver in accordance with the agreement. The court entered written judgment on March 28, 2006. Weaver now appeals.

5

## ISSUE

¶8 The sole issue raised by Weaver is whether the District Court erred in concluding that the 1996 conviction could be used as a prior conviction to support a charge of felony DUI in this case.

## STANDARD OF REVIEW

¶9 As a general rule, the grant or denial of a motion to dismiss in a criminal proceeding is a question of law, which we review de novo to determine whether the district court's conclusion of law is correct. *See State v. Luckett*, 2007 MT 47, ¶ 6, 336 Mont. 140, ¶ 6, 152 P.3d 1279, ¶ 6. In the case at hand, however, the District Court first had to make a number of factual findings, based on oral and documentary evidence, concerning the circumstances surrounding Weaver's 1996 conviction. We review findings of fact under the clearly erroneous standard. *State v. Burt*, 2000 MT 115, ¶ 6, 299 Mont. 412, ¶ 6, 3 P.3d 597, ¶ 6; *see also United States v. Houtchens*, 926 F.2d 824, 826 (9th Cir. 1991) ("The judge's factual finding that a defendant has knowingly and voluntarily failed to appear at trial is reviewable for clear error."). A trial court's findings are clearly erroneous if they are not supported by substantial evidence, if the court has misapprehended the effect of the evidence, or if our review of the record leaves us with a definite and firm conviction that a mistake has been made. *State v. Lewis*, 2007 MT 295, ¶ 17, 340 Mont. 10, ¶ 17, 171 P.3d 731, ¶ 17; *State v. Warclub*, 2005 MT 149, ¶ 23, 327 Mont. 352, ¶ 23, 114 P.3d 254, ¶ 23.

¶10 The interpretation and construction of a statute is a matter of law, which we review de novo to determine whether the district court's interpretation and construction

of the statute is correct. *See Miller v. District Court*, 2007 MT 149, ¶ 22, 337 Mont. 488, ¶ 22, 162 P.3d 121, ¶ 22; *Thompson v. State*, 2007 MT 185, ¶ 14, 338 Mont. 511, ¶ 14, 167 P.3d 867, ¶ 14. Likewise, the district court's application of controlling legal principles to its factual findings is a mixed question of law and fact, which we review de novo. *See Warclub*, ¶¶ 21, 23.[2]

## DISCUSSION

### The Procedural Bar Asserted by the State

¶11 As a preliminary matter, we note the State's argument that Weaver should not be allowed to challenge the validity of the 1996 conviction in the first place. In *State v. Okland*, 283 Mont. 10, 941 P.2d 431 (1997), this Court observed that "[i]n Montana, it is well established that the State may not use a constitutionally infirm conviction to support an enhanced punishment." *Okland*, 283 Mont. at 15, 941 P.2d at 434. We also held that "in Montana, a [rebuttable] presumption of regularity attaches to prior convictions during a collateral attack" and that "a defendant who challenges the validity of his prior conviction during a collateral attack has the burden of producing direct evidence of its

---

[2] In *Warclub*, we may have suggested that the factual findings underlying a court's mixed question determination are accorded "a presumption of correctness." *See Warclub*, ¶¶ 22, 32. We did so, however, in the context of discussing *Lambert v. Blodgett*, 393 F.3d 943 (9th Cir. 2004), which in turn addressed the standard of review applicable in federal habeas corpus proceedings (*see Lambert*, 393 F.3d at 976). Under that standard, "a determination of a factual issue made by a State court shall be presumed to be correct" and the federal habeas petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Our clearly erroneous standard does not involve such a presumption. Rather, as stated above in ¶ 9, the appellant's burden is to show that the trial court's findings are not supported by substantial evidence or that the trial court misapprehended the effect of the evidence, or to convince us on the record that a mistake definitely has been made.

invalidity." *Okland*, 283 Mont. at 18, 941 P.2d at 436. Once the defendant has made such a showing, "the burden then shifts to the State to produce direct evidence and prove by a preponderance of the evidence that the prior conviction was not entered in violation of the defendant's rights." *Okland*, 283 Mont. at 18, 941 P.2d at 436.

¶12 Notwithstanding this procedural mechanism, the State suggests (based on *Daniels v. United States*, 532 U.S. 374, 121 S. Ct. 1578 (2001), and *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 121 S. Ct. 1567 (2001)) that we adopt a rule under which a prior conviction is regarded as "conclusively valid" if the defendant failed to pursue a direct appeal or a collateral challenge in post-conviction proceedings while these remedies were available or if the defendant pursued these remedies unsuccessfully. The State would allow for exceptions where the conviction was obtained in violation of the Sixth Amendment right to counsel or where there was "compelling evidence of actual innocence." Otherwise, under the State's proposed rule, if the prior conviction were later offered by the State to enhance a criminal sentence, the defendant would not be able to challenge the enhanced sentence on the ground that the prior conviction was unconstitutionally obtained. Applying this rule here, the State points out that Weaver was represented by court-appointed counsel throughout the 1996 proceedings, that Weaver did not appeal the 1996 conviction, and that Weaver did not timely attack the validity of that conviction in post-conviction proceedings. Thus, the State asserts, the conviction "became final upon the expiration of the time for appeal following the sentencing hearing, and any collateral attack brought nine years later would ordinarily be time-barred."

8

¶13 As the State appropriately acknowledges, however, "[t]his rationale for rejecting Weaver's claim was not presented to the district court." The State is well aware that this Court generally will not address an issue raised for the first time on appeal. *See State v. Vaughn*, 2007 MT 164, ¶ 44, 338 Mont. 97, ¶ 44, 164 P.3d 873, ¶ 44; *State v. Adgerson*, 2003 MT 284, ¶ 12, 318 Mont. 22, ¶ 12, 78 P.3d 850, ¶ 12; *State v. Brown*, 1999 MT 133, ¶¶ 17-20, 294 Mont. 509, ¶¶ 17-20, 982 P.2d 468, ¶¶ 17-20; *State v. Schaff*, 1998 MT 104, ¶ 26, 288 Mont. 421, ¶ 26, 958 P.2d 682, ¶ 26; *but see State v. Rosling*, 2008 MT 62, ¶ 76, ___ Mont. ___, ¶ 76, ___ P.3d ___, ¶ 76; *State v. Reeder*, 2004 MT 244, ¶ 4, 323 Mont. 15, ¶ 4, 97 P.3d 1104, ¶ 4. It is particularly troubling that the State is raising this procedural-bar issue for the first time on appeal, given that the State consistently faults defendants for doing precisely the same thing. Accordingly, we will not consider the State's proposed new rule any further.

**Weaver's Position on Appeal**

¶14 Section 46-16-122, MCA (1995), provides, in relevant part, as follows:

> (1) In a misdemeanor case, if the defendant fails to appear in person, either at the time set for the trial or at any time during the course of the trial and if the defendant's counsel is authorized to act on the defendant's behalf, the court shall proceed with the trial unless good cause for continuance exists.
> (2) If the defendant's counsel is not authorized to act on the defendant's behalf as provided in subsection (1) or if the defendant is not represented by counsel, the court, in its discretion, may do one or more of the following:
> (a) order a continuance;
> (b) order bail forfeited;
> (c) issue an arrest warrant; or
> (d) proceed with the trial after finding that the defendant had knowledge of the trial date and is voluntarily absent.

9

¶15 Weaver observes that although Margaret Borg was his original counsel, another public defender, Janna Gobeo, appeared on his behalf at the November 20, 1996 trial. Under § 46-16-122(1), MCA, if Ms. Gobeo was "authorized to act on [Weaver's] behalf," the Justice Court was required to proceed with the trial unless good cause for a continuance existed. Weaver does not assert explicitly that Ms. Gobeo was not authorized to act on his behalf; however, this appears to be his position, given that he focuses on § 46-16-122(2)(d), MCA, and argues that he did not have sufficient notice of the trial date and was not voluntarily absent. Accordingly, we will proceed on the premise that the validity of the 1996 conviction depends on a correct application of § 46-16-122(2)(d), MCA.

¶16 We note Weaver's assertion that a criminal defendant has a fundamental constitutional right to be present at all stages of a criminal proceeding. *See State v. McCarthy*, 2004 MT 312, ¶ 30, 324 Mont. 1, ¶ 30, 101 P.3d 288, ¶ 30. However, Weaver acknowledges that a defendant can waive his right to be present at trial. *See McCarthy*, ¶ 32; *State v. Clark*, 2005 MT 169, ¶ 15, 327 Mont. 474, ¶ 15, 115 P.3d 208, ¶ 15; *United States v. Houtchens*, 926 F.2d 824, 826 (9th Cir. 1991). Moreover, Weaver presents no argument that § 46-16-122(2)(d), MCA, does not sufficiently safeguard a defendant's right to be present at trial in a misdemeanor case. Accordingly, we will proceed on the additional premise that if Weaver "had knowledge of the trial date and [was] voluntarily absent," § 46-16-122(2)(d), MCA, then he effectively waived his right to be present. *Cf. Houtchens*, 926 F.2d at 826-27 ("[A] defendant may be tried in absentia when, after sufficient notice, he or she knowingly and voluntarily fails to appear for trial. To hold

otherwise, would allow an accused at large upon bail to immobilize the commencement of a criminal trial and frustrate an already overtaxed judicial system until the trial date meets, if ever, with his pleasure and convenience." (internal quotation marks omitted)).

¶17 Given these two premises, we now consider the merits of Weaver's claim.

**The Burden of Proof**

¶18 As noted above, the procedural mechanism set forth in *Okland* for determining whether a prior conviction may be used to enhance punishment on a current charge is as follows: (1) a rebuttable presumption of regularity attaches to the prior conviction, (2) a defendant who challenges the validity of his or her prior conviction has the burden of producing direct evidence of its invalidity, and (3) once the defendant has made such a showing, the burden then shifts to the State to produce direct evidence and prove by a preponderance of the evidence that the prior conviction was not entered in violation of the defendant's rights. *Okland*, 283 Mont. at 18, 941 P.2d at 436; *accord State v. Kvislen*, 2003 MT 27, ¶ 10, 314 Mont. 176, ¶ 10, 64 P.3d 1006, ¶ 10. Weaver contends that the District Court erred by not shifting the burden to the State to prove by direct evidence that the 1996 conviction was not entered in violation of his rights. He relies on *Kvislen*, ¶ 11, for the proposition that he presented sufficient direct evidence of a constitutional infringement of his rights to rebut the presumption of regularity and shift the burden to the State.

¶19 In *Kvislen*, the defendant submitted an affidavit which stated that he did not receive notice of his trial and was not advised of his right to a court-appointed attorney in the event that he could not afford one. We held that the affidavit was "direct evidence of

11

a constitutional infringement in the 1990 proceedings" and was "sufficient to rebut the presumption of regularity and to shift the burden of proof to the State." *Kvislen*, ¶ 11. Similarly, in the case at hand, Weaver gave sworn testimony on direct examination that he did not have notice of the November 20, 1996 trial date. This was direct evidence of a constitutional infringement in the 1996 proceedings and was sufficient to rebut the presumption of regularity and shift the burden of proof to the State. Thus, we agree with Weaver that the burden was on the State to produce direct evidence and prove by a preponderance of the evidence that the 1996 conviction was not entered in violation of his rights.

## Whether the State Met Its Burden

¶20 Under § 46-16-122(2)(d), MCA (1995), the Missoula County Justice Court was authorized to proceed with the November 20, 1996 misdemeanor trial in Weaver's absence, but only "after finding that the defendant had knowledge of the trial date and is voluntarily absent." Weaver argues that the Justice Court's finding, with which the District Court agreed, that he knew of the trial date and was voluntarily absent is clearly erroneous. As support for this position, Weaver contends that the documentary evidence produced by the State was insufficient to prove that he had knowledge of the trial date. Indeed, Weaver asserts that the record is "void" of any evidence that he had knowledge of the trial date. Weaver also relies on his testimony that he was "sure" he was not notified of the court date. Finally, he argues that failure to maintain contact with one's attorney is not equivalent to a knowing waiver of the right to be present at trial.

¶21    In response, the State contends that the Missoula County Justice Court records produced by the State and the testimony elicited from Weaver on cross-examination were sufficient to sustain its burden. The State points out that there was evidence Weaver was in touch with Ms. Borg at least through August 30, 1996, when she moved to continue the trial "for the reason that Defendant is experiencing health problems." Furthermore, based on the surrounding circumstances—including the facts that Weaver's counsel appeared for the November 20, 1996 trial and that Weaver had previously been in contact with his attorney to request a continuance due to health problems—the State argues that the Justice Court properly inferred that Weaver had knowledge and notice of the trial date. Alternatively, the State points out that Weaver admitted he was living at different residences in the late summer and early fall of 1996 and that he did not maintain weekly contact with his attorney during this period. The State argues that if Weaver in fact did not know of the trial date, "it was his own fault because he changed residences and did not stay in touch with his attorney as ordered by the justice court." The State contends that Weaver effectively waived his right to be present at trial by keeping himself ignorant of the trial date.

¶22    Having reviewed the record in light of the parties' arguments, we conclude that substantial evidence supports the District Court's findings that Weaver appeared in Justice Court on April 22, 1996, and entered a plea of not guilty; that a public defender was appointed at this time to represent Weaver; that Weaver stayed sufficiently in contact with counsel to have Ms. Borg move to continue the August 30, 1996 trial setting "for the reason that Defendant is experiencing health problems"; and that Weaver either knew of

13

the November 20, 1996 trial date and was willfully absent therefrom or kept himself deliberately ignorant of that trial date. In this regard, we agree with the sentiment expressed by the Ninth Circuit in *Houtchens*, 926 F.2d at 827-28, that where a defendant's failure to know of a continued trial date is directly attributable to his efforts to keep himself deliberately ignorant of that date, he will not be heard later to complain about his lack of knowledge—particularly where he is the one who requested the continuance in the first place.

¶23 As noted above, Weaver's sworn testimony on direct examination that he did not have notice of the trial date was sufficient to rebut the presumption of regularity in the 1996 conviction and shift the burden to the State to prove that the conviction was not entered in violation of Weaver's rights. However, this is not an all-or-nothing rule. In other words, producing direct evidence sufficient to shift the burden to the State does not preclude the State from attempting later to undermine the credibility of that evidence. In this regard, the transcript of the District Court hearing reflects that on cross-examination of Weaver, the State called into serious question his ability to recall accurately significant details related to the 1996 proceedings. For instance, Weaver was not sure whether he appeared in Justice Court on April 22, 1996. He could not remember whether he was ever contacted by a public defender regarding the DUI charge. He could remember that he had health problems in mid-1996, but he could not remember what they were (he opined that they might have been due to an accident at work). He claimed that he did not know what the motion to continue the second trial setting was about. He did not remember talking to Ms. Borg about not being able to make the second trial setting due to

14

health problems. He could not remember Ms. Borg as his attorney at all, and he testified that he did not know he had an attorney then. He had "no idea" how Ms. Borg knew that he had health problems. Notwithstanding his inability to remember all of these details, Weaver testified that he was "sure" he was not notified that his trial had been rescheduled for November 20, 1996. Yet, he acknowledged that he was "going through some hectic times" and that "[i]t was kind of mayhem" during this period. It also appears at one point during his testimony that Weaver confused the 1996 DUI case with the 1997 DUI case.

¶24 The District Court had the responsibility of weighing all of the evidence presented and ascertaining Weaver's credibility in light of all of the testimony. *See In re K.J.B.*, 2007 MT 216, ¶ 23, 339 Mont. 28, ¶ 23, 168 P.3d 629, ¶ 23. It is clear from the record that the District Court ultimately found Weaver's assertions concerning his lack of knowledge not to be credible. Weaver has presented us with no basis for concluding that this finding was clearly erroneous. Likewise, he has not demonstrated that the ultimate finding that he knowingly and voluntarily failed to appear at trial on November 20, 1996, thereby waiving his right to be present, is clearly erroneous.

## CONCLUSION

¶25 The State presented sufficient oral and documentary evidence in the District Court to support the conclusion that the 1996 conviction was not entered in violation of Weaver's right to be present at the November 20, 1996 trial. We hold, therefore, that the District Court correctly ruled that the 1996 conviction could be used as a prior conviction to support a charge of felony DUI in the case at hand. Accordingly, we also hold that the District Court did not err in denying Weaver's motion to dismiss.

15

¶26 Affirmed.

/S/ JAMES C. NELSON

We Concur:

/S/ KARLA M. GRAY
/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS